IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

J. TIMOTHY HOWARD,                    )
                                      )
          Plaintiff,                  )
                                      )
     v.                               )          Case Number: 1:07-ms-00020
                                      )
JAMES B. LOCKHART, III,               )          Hon. Richard J. Leon
DIRECTOR, OFFICE OF                   )
FEDERAL HOUSING                       )
ENTERPRISE OVERSIGHT,                 )
                                      )
          Defendant.                  )

---

## OFHEO'S OPPOSITION TO PLAINTIFF'S MOTION TO REQUIRE OFHEO TO PURSUE NOTICE OF CHARGES IN DISTRICT COURT

### INTRODUCTION

Plaintiff is a former executive officer of the Federal National Mortgage Association ("Fannie Mae") who is currently the respondent in an ongoing administrative proceeding before the Office of Federal Housing Enterprise Oversight ("OFHEO"). This proceeding, which was initiated pursuant to a Notice of Charges issued on December 18, 2006, seeks to determine, *inter alia*, whether plaintiff (as well as two other former Fannie Mae officers) engaged in improper and unlawful conduct and whether he should be required to pay restitution and civil monetary penalties, including disgorgement of more than $115 billion in bonuses. An independent Administrative Law Judge ("ALJ") has complete charge of the administrative proceeding, which will create a record that, after issuance of a final agency decision, is subject to review by the Court of Appeals for the District of Columbia Circuit, not by this Court.

Based on a wholly erroneous and insupportable reading of the Federal Housing Enterprises Financial Safety and Soundness Act ("the Act"), Pub. L. No. 102-550, tit. XIII, 106

Stat. 3941 (1992) (codified at 12 U.S.C. § 4501, et seq.), plaintiff remarkably asserts that this Court is authorized to exercise jurisdiction and, in essence, substitute itself for OFHEO, over that agency's objection, in conducting the exclusive three-step administrative enforcement process Congress established to address irregularities under the Act. Plaintiff claims that the Act allows the Director of OFHEO to elect whether to proceed with a Notice of Charges administratively or to file an action in district court. Plaintiff further claims that, given this putative "election" (presumably at the discretion of the Director) under the Act, this Court is somehow authorized to require the Director of OFHEO to pursue the Notice of Charges in federal court against his will. In an effort to bootstrap his unprecedented notion of federal court jurisdiction, plaintiff argues that this Court is the proper forum for two reasons: (1) the Director of OFHEO allegedly has demonstrated a bias against plaintiff; and (2) because a pending derivative action against Fannie Mae and its former officers is pending here, interests of judicial economy counsel in favor of the Court's exercising its authority over the administrative enforcement proceedings emanating from the Notice of Charges.

Contrary to plaintiff's assertions, the Act does not allow the Director of OFHEO to elect between either an administrative hearing or a civil action in district court after the issuance of a Notice of Charges. Rather, the Act specifically provides that, after the development of an administrative record and a recommended decision by an ALJ, the Director of OFHEO is authorized to make a final agency decision; judicial review of the agency's decision then lies in the Court of Appeals for the District of Columbia, not in the district court. Indeed, the plain language of the Act limits the district court's jurisdiction to enforcement-related proceedings, such as if an individual fails to respond to a Notice of Charges, or does not comply with either a

–2–

cease and desist order or a final agency decision. Plaintiff has not – and, indeed, cannot – explain how, consistent with the Act, this Court could exercise jurisdiction to terminate or transfer administrative proceedings and frustrate operation of the enforcement framework created by Congress. Accordingly, this Court lacks jurisdiction over proceedings relating to the merits of the Notice of Charges.

In addition, plaintiff has established neither that the Director of OFHEO is biased nor that the administrative proceedings would be rendered unfair even if such bias were to exist. Under the Act and its implementing regulations, the administrative proceedings are conducted before an independent ALJ. The Director's role is to make the final agency decision based on review of the record compiled before the ALJ and the ALJ's recommended decision. If the Director sets aside all or part of a decision favorable to plaintiff, the court of appeals will have before it precisely the same record as the Director and will face no impediment in making a proper determination. Therefore, plaintiff cannot plausibly show that the impact of alleged prejudgment by the Director would escape effective appellate review of a final order. Plaintiff also has not established any authority for the proposition that the interests of judicial economy either require that OFHEO's enforcement proceeding go forward in this Court or that plaintiff can trump Congress' clear intent that the enforcement process take place in an administrative setting. Plaintiff's motion, thus, should be denied.

## STATUTORY AND REGULATORY BACKGROUND

### A.    The Office of Federal Housing Enterprise Oversight

Congress created OFHEO in 1992, in the wake of the federal savings-and-loan crisis, to regulate and monitor Fannie Mae and the Federal Home Loan Mortgage Corporation ("Freddie

Mac"). See Federal Housing Enterprises Financial Safety and Soundness Act, Pub. L. No.

102-550, tit. XIII, 106 Stat. 3941 (1992) (codified at 12 U.S.C. § 4501, et seq.). Congress

established OFHEO as an independent office in the Department of Housing and Urban

Development, looking "to federal banking regulation as a model," S. Rep. No. 102-282, at 17

(1992), and vesting OFHEO with powers "essentially similar to those of the Federal bank

regulatory agencies." 67 Fed. Reg. 3587 (Jan. 2002). See 12 U.S.C. § 4511.

The Act gives OFHEO broad investigatory authority over Fannie Mae and Freddie Mac,

requiring annual examinations and special examinations when necessary. 12 U.S.C. § 4517.

OFHEO is required to report the results of these examinations to Congress and to apprise it of

enforcement actions. Id. § 4521.

The principal officer of OFHEO is the Director, who is appointed by the President and

confirmed by the Senate for a term of five years. 12 U.S.C. § 4512. The powers of the agency

are generally vested in the office of the Director, see, e.g., id. § 4517(a) ("The Director shall

annually conduct an on-site examination"), and are modeled "after those of the Director of the

Office of Thrift Supervision and to a lesser extent the Comptroller of the Currency." S. Rep. No.

102-282, at 16. The Director "may delegate to officers and employees of the Office any of the

functions, powers, and duties of the Director, as the Director considers appropriate." 12 U.S.C.

§ 4513(d).

B.    Administrative Enforcement Proceedings

The Director's responsibilities for examining enterprises and reporting to Congress are

closely related to his responsibilities for enforcement proceedings. The provisions governing

administrative remedies parallel those of the Office of Thrift Supervision ("OTS"), the Federal

Deposit Insurance Corporation, and other bank regulatory agencies.  Compare 12 U.S.C.
§§ 4631-4641 (OFHEO), with 12 U.S.C. § 1818(b)-(d), (h)-(i) (bank regulatory agencies).  At
issue here are administrative enforcement proceedings authorized by 12 U.S.C. §§ 4631, et seq.
Such a proceeding may result in a cease and desist order, id. § 4631(c)(2), and in remedies
including restitution, disgorgement, and civil monetary penalties.  Id. §§ 4631(d), 4636.

When the Director determines that an enterprise or one of its executive officers has
engaged in unlawful conduct or materially depleted the core capital of the enterprise, he may
commence the first step of the administrative enforcement proceeding by signing a Notice of
Charges.  Id. § 4631(a).  The filing of a Notice of Charges triggers a formal hearing before an
ALJ who "shall have complete charge of the hearing, conduct a fair and impartial hearing, avoid
unnecessary delay and assure that a record of the proceeding is made."  12 C.F.R. § 1780.5.  The
hearing is subject to APA protections and ex parte communications with the presiding officer are
forbidden.  12 C.F.R. § 1780.8.  Parties have the opportunity for document discovery and other
factual development,  id. §§ 1780.26, 1780.29, and the right to present witnesses and conduct
cross examination.  Id. § 1780.50(a).  All rulings on evidentiary objections must appear on the
record, id. § 1780.51(d), and the presiding officer must retain rejected exhibits as part of the
record.  Id.

Upon completion of the hearing, the ALJ commences the second step of the
administrative process by issuing a recommended decision and transmitting the complete record
to the Director.  The record must include all transcripts, exhibits, and memoranda.  Id.
§ 1780.53(a).  The Director's final decision must be "based upon review of the entire record of
the proceeding."  Id. § 1780.55(c).  The Director may be assisted in his final determination only

–5–

by "decisional employees," id., who are members of the Director's staff who have "not engaged

in an investigative or prosecutorial role in [the] proceeding." Id. § 1780.3(b); see id.

§ 1780.8(f); see also 5 U.S.C. § 554(d).

If respondents do not prevail at the second step of the process, they, and only they, have

the right of appeal to the D.C. Circuit. At this third step of the process, the court of appeals has

exclusive jurisdiction to review the Director's final decision and may "affirm, modify, terminate,

or set aside, in whole or in part, the order of the Director." 12 U.S.C. §§ 4634(a), (c). The

appellate court's review is based on the complete record, which the agency is required to file

with the appellate court in accordance with 28 U.S.C. § 2112. See 12 U.S.C. § 4634(b).

The Act further provides that the Director "may request the Attorney General" to bring an

action in this Court "for the enforcement of any effective notice or order. . . ." 12 U.S.C. §

4635(a). The district court "shall have jurisdiction and power to order and require compliance"

with such notice or order. Id.  In addition, the Act states that "no court shall have jurisdiction to

affect, by injunction or otherwise, the issuance or enforcement of any notice or order . . . or to

review, modify, suspend, terminate, or set aside any such notice or order." Id. § 4635(b).

## FACTUAL BACKGROUND

The relevant background is set out in the Report of the Special Examination of Fannie

Mae (May 2006) ("2006 Report"), issued by OFHEO in May 2006.[1]  After the disclosure of

accounting improprieties in early 2003 compelled Freddie Mac to restate billions of dollars of

earnings, OFHEO launched an investigation into accounting and other financial practices at

---

[1]    The 2006 Report and other pertinent OFHEO reports are available at
http://www.ofheo.gov/OFHEOReports.asp.

Fannie Mae.  Id. at 15.  The Securities and Exchange Commission (SEC) independently

concluded that Fannie Mae's accounting practices materially departed from Generally Accepted

Accounting Principles (GAAP).  Id. at 1, 17.  By abandoning GAAP, Fannie Mae had achieved

artificially smooth earnings reports and, consequently, a falsely inflated stock price.  Id. at 1.

Senior executives, whose compensation was tied to market performance, earned tens of millions

dollars in bonuses attributable to Fannie Mae's artificially inflated stock price.  Id. at 1-2.  The

disclosure of these accounting anomalies resulted in billions of dollars in lost market

capitalization for Fannie Mae shareholders.  Id. at 1.

On December 18, 2006, OFHEO commenced enforcement proceedings against three

former officers of Fannie Mae: plaintiff, the Chief Financial Officer from 1990 until 2005;

Franklin Raines, the Chairman and CEO from 1998 through 2004; and Leanne Spencer, the

Controller from 1999 until 2005.[2]  OFHEO issued a 101-count Notice of Charges against these

former officers under 12 U.S.C. §§ 4631 and 4636, alleging that they engaged in knowing or

reckless misconduct in their stewardship of Fannie Mae and were unjustly enriched.  See Exhibit

A to Pl.'s Motion to Require.  In addition to a cease-and-desist order, the proceeding seeks civil

penalties, including disgorgement of more than $115 million in bonuses, restitution, and separate

statutory civil money penalties.  Pl.'s Exhibit A at 147-51.

On the same day, OFHEO, which does not employ its own Administrative Law Judges,

sent a letter to the Office of Personnel Management (OPM) requesting the appointment of an

---

[2]  Mr. Raines and Ms. Spencer have filed mandamus petitions in the Court of Appeals for the
District of Columbia Circuit.  In part, those petitions seek the same relief that plaintiff requests in
this motion: that this Court be directed to assume control of the proceedings resulting from
issuance of the Notice of Charges.  In re Franklin D. Raines, No. 07-1011 (D.C. Cir.); In re
Leanne G. Spencer, No. 07-1024 (D.C. Cir.).

ALJ from another agency to preside over the hearing.  See Dec. 18, 2006 Letter from OFHEO to

Director, OPM (Exhibit 1).  OPM approved the request and designated the Environmental

Protection Agency to supply the ALJ.  See Dec. 21, 2006 Letter from OPM to OFHEO (Exhibit

2).  On January 29, 2007, the EPA's chief ALJ designated in writing that the Hon. William B.

Moran would preside over the OFHEO proceedings.  See Order of Designation (Exhibit 3).   On

February 7, a hearing on the record was held before Judge Moran.  See Excerpts from Hearing

Transcript (Exhibit 4).

On January 12, 2007, plaintiff initiated the instant proceeding by filing, as a

Miscellaneous Action, the Motion to Require the Director of OFHEO to Pursue his Notice of

Charges Against Mr. Howard in this Court, to which OFHEO now responds.[3]

## ARGUMENT

### I.    This Court Lacks Jurisdiction Over OFHEO's Administrative Enforcement Proceeding

The primary thrust of plaintiff's motion is the completely unsupportable notion that the

Act "provides a mechanism for the Director . . . to pursue the same Notice of Charges" in this

Court as before an ALJ.  Pl.'s Motion to Require at 2.   Plaintiff's attempt to persuade this Court

that it has the authority to halt the OFHEO adjudicatory proceedings outright and compel the

---

[3]  By employing the terms "plaintiff" and "defendant" to characterize the parties to this novel and
wholly unprecedented proceeding, Mr. Howard apparently seeks to initiate a new civil action
against OFHEO.  Although he has proceeded in clear violation of the Federal Rules of Civil
Procedure in this approach, see Fed. R. Civ. P. 3 and 4 (requiring commencement of a civil
action by means of a complaint and summons), OFHEO has chosen to oppose Mr. Howard's
motion directly instead of contesting the inappropriate manner in which he has brought the issues
ot this Court's attention.

agency to proceed before it contradicts Congress's clear and unambiguous directive to preclude judicial intervention in pending OFHEO administrative enforcement proceedings.

The Act contains two jurisdictional provisions relevant to plaintiff's motion. The first confers jurisdiction with respect to petitions seeking a review of OFHEO's final decision based on a complete administrative record developed after issuance of the Notice of Charges and an evidentiary hearing with full legal rights before an administrative tribunal.  Under the Act, the Director of OFHEO is authorized to "issue and serve a Notice of Charges" upon any enterprise or officer of such enterprise if the Director "has reasonable cause to believe" that the enterprise or officer engaged in conduct that, *inter alia*, resulted in the material depletion of the enterprise's core capital assets or in the unjust enrichment of the officer.  12 U.S.C. § 463, et seq.  Indeed, the Director issued the Notice of Charges against plaintiff pursuant to this "cease and desist" provision.  Pl.'s Motion to Require Exhibit A at 1.  With respect to proceedings initiated as a result of a Notice of Charges under section 4631, as well as those undertaken to recoup civil penalties under section 4636 of the Act (also a charge applicable to plaintiff), the Act provides for judicial review "of any final order issued" by the filing of a petition in the D.C. Circuit seeking to modify, terminate, or set aside the final order of the Director.  12 U.S.C. § 4634(a). Based on the record of the administrative proceeding, the court of appeals "shall" have "exclusive jurisdiction" to "affirm, modify, terminate, or set aside, in whole or in part, the order of the Director."  Id. § 4634(c).

The second pertinent jurisdictional provision of the Act, and the one on which plaintiff mistakenly relies, relates to "enforcement and jurisdiction."  12 U.S.C. § 4635.  Section 4635(a) states that the Director "may request" the Attorney General to "bring an action" in this Court "***for***

***the enforcement of any effective notice or order***" issued under the Act (emphasis added).  The

section further provides that this Court "shall have jurisdiction and power to order and require

compliance" with such "effective notice or order." Id.  Plaintiff maintains that this provision

"supplies this Court with ***unrestricted authority to require*** the Director to pursue any such

Notice of Charges judicially rather than administratively." Pl.'s Motion to Require at 3

(emphasis added).   The plain language of this section, however, belies plaintiff's assertion.

Rather than vest authority in the district court to exercise jurisdiction, the statute provides the

Director of OFHEO with the discretion to ask the Attorney General to file an action in district

court to enforce a notice or order, not to adjudicate same.  There is no basis for reading into this

provision any support for an interpretation that this Court can order OFHEO, against its will, to

proceed in a civil action and, thus, bypass the exclusive mechanism of an administrative

proceeding.  Further, the Director's request to the Attorney General, if made at all, is made in the

context of enforcing a notice or order issued during the course of the administrative proceeding,

not in the context of bringing a civil action in lieu of litigating the merits of a Notice of Charges

in the administrative setting.

      If plaintiff's reading of the Act had any merit, section 4635(b) would be rendered

superfluous.  This section expressly limits the scope of the Court's jurisdiction, stating that "no

court shall have jurisdiction to affect, by injunction or otherwise, the issuance or enforcement of

any notice or order under section 1371, 1372, 1376 of subtitle B, or to review, modify, suspend,

terminate, or set aside any such notice or order."  12 U.S.C. § 4635(b).  If Congress did not

intend to limit the Court's authority, by expressly withholding powers that the Court normally

would have, then there would not be a need for this provision to appear in the Act.[4]

Pursuant to this statutory scheme, Congress plainly intended to allow judicial review of

OFHEO's administrative actions only in limited and clearly prescribed circumstances.  As

delineated above, the Act contemplates judicial involvement in OFHEO's administrative

proceedings by this Court only for purposes of enforcing a notice or order issued by the Director

(12 U.S.C. § 4635), or for subpoena enforcement (12 U.S.C. § 4641(c)).  Cf. Groos National

Bank v. Comptroller of the Currency, 573 F.2d 889, 895 (5th Cir. 1978) (in rejecting bank's

action for declaratory judgment brought to block administrative Notice of Charges, court noted

that 12 U.S.C. § 1818(i) – which is similar to 12 U.S.C. § 4635(b) – demonstrated a clear

congressional intent that the "regulatory process is not to be disturbed by untimely judicial

intervention").  No need exists at this time for such enforcement proceedings.  Indeed, the

_____

[4] Plaintiff's extraordinary interpretation of the Act also implicates separation of powers
concerns.  The courts have power to review agency action and to declare it unlawful or
inadequate pursuant to the standards articulated in the Administrative Procedure Act, 5 U.S.C. §§
701-706.  But "that authority is not power to exercise an essentially administrative function."
Federal Power Comm. v. Idaho Power Co., 344 U.S. 17, 21 (1952).  Nor may a court insert itself
into the agency's decision-making process by imposing additional procedural - much less,
substantive - requirements on agencies beyond those mandated by statute. As the Supreme Court
stressed in Vermont Yankee Nuclear Power Corp. v. NRDC, Inc., 435 U.S. 519 (1978), the
judiciary may not dictate to agencies the methods and procedures of needed inquiries because
"[s]uch a procedure clearly runs the risk of 'propel[ling] the court into the domain which
Congress has set aside exclusively for the administrative agency.'" Id. at 545 (quoting SEC v.
Chenery Corp., 332 U.S. 194, 196 (1947)).  Further, a court may not seek to control the processes
by which an agency fulfills its congressionally-mandated duty.  See United States v.
Saskatchewan Minerals, 385 U.S. 94, 95 (1966).  Finally, review must await final agency action,
which is evaluated under 5 U.S.C. § 706(2). These limitations reflect the respective allocation of
powers to the executive and judicial branches.  If the Court were to accede to plaintiff's
interpretation of the Act and, thus, exercise authority over the Notice of Charges proceedings,
then the Court would be acting in a manner inconsistent with these principles.

administrative proceedings derived from the December 18, 2006 Notice of Charges have just begun, and a final agency decision based on a full and complete administrative record will not be issued in the immediate future.[5]  Therefore, the jurisdictional provision relating to appellate court review of final OFHEO decisions (12 U.S.C. § 4634) has not yet been triggered.

Nor are the proceedings such that judicial intervention by this Court is appropriate. Sections 4635 and 4641confer jurisdiction in this Court only for the limited purpose of (1) enforcing a notice or order of the Director or (2) enforcing a subpoena.  There has not yet been an order, and plaintiff has responded to the Notice of Charges by appearing before the ALJ responsible for conducting the administrative hearing, filing an answer and affirmative defenses, and submitting discovery requests to OFHEO.  Thus, there is nothing to be enforced and, under the Act, this Court cannot exercise jurisdiction over the ongoing administrative proceeding.[6]

As demonstrated, the plain language of the Act does not support plaintiff's proposition that the Director of OFHEO has the authority to pursue the Notice of Charges in district court.

---

[5]  Under the scheduling order issued by ALJ Moran on February 9, 2007, discovery and other proceedings are due to be completed in December 2007 and an evidentiary hearing date is set in January 2008.  In his motion, plaintiff asserts that section 4635(b) "plainly applies only after the forum determination has been settled, and it precludes interference by courts in ongoing administrative proceedings."  Pl.'s Motion to Require at 3 n.4.  In fact, the administrative hearing is ongoing.  Consequently, consistent with plaintiff's admission, the Act prevents the Court from interfering with or otherwise injecting itself into the administrative adjudications.

[6]  In addressing claims of district court jurisdiction under 12 U.S.C. § 1818(i), which is virtually identical to 12 U.S.C. § 4635(b), courts generally have declined to interject themselves in ongoing administrative proceedings.  See, e.g., Hindes v. FDIC, 137 F.3d 148, 164 (3d Cir. 1998) (FDIC issuance of notification that it would become bank's primary regulator could not be challenged due to withdrawal of jurisdiction under statute); Board of Governors of Federal Reserve System v. DLG Financial Corp., 29 F.3d 993, 999 (5th Cir. 1994) (12 U.S.C. § 1818(i) bars district court jurisdiction over regulators' investigations even before enforcement action filed).

Rather, the only possible proceedings that this Court can entertain are limited to those necessary

to enforce an OFHEO notice, order, or subpoena.  Section 4635(b) bolsters this interpretation of

subsection (a) by specifically preventing the district court from affecting in any way "the issuance

or enforcement of any notice or order."  Therefore, nothing in the Act authorizes this Court to

terminate or bypass the administrative proceedings and to alter the forum in which the current

Notice of Charges is to be pursued.[7]  To the contrary, Congress expressly authorized OFHEO to

bring administrative enforcement actions against "any executive officer or director" of Fannie

Mae whose conduct jeopardizes or has jeopardized the financial safety and soundness of the

enterprise.  12 U.S.C. § 4631(a).   Further, there is no precedent for the proposition that this

Court's authority encompasses the power to enjoin the underlying agency proceedings in their

entirety (thereby ensuring that there will be no final order for the court of appeals to review).  In

fact, 12 U.S.C. § 4635(b) "unambiguously precludes judicial review" of pending administrative

cease-and-desist proceedings and manifests Congress's intent to allow complete agency

adjudication prior to judicial review.  See Board of Governors v. MCorp Financial, Inc., 502 U.S.

32, 39, 44 (1991) ("plain" and "preclusive"); Ridder v. Office of Thrift Supervision, 146 F.3d

---

[7]  The situation presented here is markedly different from the circumstances underlying this
Court's decisions in Clarke v. Office of Federal Housing Enterprise Oversight, 355 F. Supp. 2d
56 (D.D.C. 2004) and Brendsel v. Office of Federal Housing Enterprise Oversight, 339 F. Supp.
2d 52 (D.D.C. 2004).  In those cases, former officers of the Federal Home Loan Mortgage
Corporation ("Freddie Mac") challenged OFHEO's actions to freeze their termination benefits.
The Court issued preliminary injunctions based on its determination that the agency had
exceeded its authority under the Act.  355 F. Supp. 2d at 64-65; 339 F. Supp. 2d at 62-63.  In
contrast, plaintiff here has not alleged that OFHEO has exceeded or otherwise acted in a manner
inconsistent with its statutory authority.  Instead, plaintiff asks this Court to step into the shoes of
both the Director and the ALJ for purposes of proceedings derived from the Notice of Charges,
based on his misreading of 12 U.S.C. § 4635.  Neither this issue nor this specific statutory
provision were at issue in Clarke and Brendsel and, thus, the decisions in those cases are not
applicable here.

1035, 1041 (D.C. Cir. 1998) (similar section in banking statute "unambiguously precludes

judicial review"); CityFed Financial Corp. v, OTS, 58 F.3d 738, 741-42 (D.C. Cir. 1995) (same);

Carlton v. Firstcorp, Inc., 967 F.2d 942, 946 (4th Cir. 1992) ("Congress intended to exclude other

methods of interfering with regulatory action").  Plaintiff's motion should be denied.

## II.     Neither the Director's Alleged Bias Nor Interests of Judicial Economy Render this Court a Proper Forum for a Hearing on the Notice of Charges

Plaintiff argues that, by virtue of "numerous public statements," the Director of OFHEO

is biased.  Pl.'s Motion to Require at 4.  As a result of this alleged bias, plaintiff claims that the

Director should be disqualified from adjudicating the administrative enforcement proceeding.  Id.

As explained above, this Court does not have the authority to terminate or bypass the

administrative proceedings under any circumstances.  In addition, plaintiff's claims of bias do not

demonstrate a violation of his constitutional rights.

Notwithstanding plaintiff's objections to the statements made by the Director, they

directly reflect the substance of the public reports and the Notice of Charges that formed part of

his statutory duties.  For example, plaintiff points to a quotation from Director Lockhart in the

official OFHEO press release issued on the day the Notice of Charges was filed.  See Pl.'s

Motion to Require at 6.  Even assuming an official agency communication to the public about

charges triggered by an official investigation could form the predicate for disqualifying the head

of the agency, nothing in the December 18 release reflects that the Director has "prejudged" the

claims against plaintiff.  The quote attributed to Director Lockhart explicitly describes the

contents of the Notice of Charges, and the release makes clear that the notice states only

"allege[d]" violations.  Id.

Orders that disrupt administrative proceedings, whether styled as injunctions or writs of mandamus, threaten substantial interference with executive branch processes without clear statutory mandate.  As the court explained in Air Line Pilots Ass'n, Intern. v. Civil Aeronautics Bd., 750 F.2d 81 (D.C. Cir. 1984), "[t]he usual presumption in favor of withholding judicial review until after final agency action applies with even greater force in the context of a bias claim than it does with a claim of unreasonable delay." Id. at 88.  The court noted, "[u]nlike unreasonable delay, bias does not pose the threat of totally defeating the Court of Appeals' power of review," and "claims of bias do not have a congressional mandate analogous to 5 U.S.C. § 706, instructing courts to compel agency action unreasonably delayed." Id.

The concerns discussed in Air Line Pilots Ass'n apply with particular force in these proceedings, because Congress has explicitly directed that, with exceptions not relevant here, "no court shall have jurisdiction to affect, by injunction or otherwise, the issuance or enforcement of any notice or order under section 4631, 4632, or 4636 of this title . . . or to review, modify, suspend, terminate, or set aside any such notice or order." 12 U.S.C. § 4635(b).  Congress thus limited the Court's authority to issue orders that would otherwise fall within its jurisdiction. Courts have repeatedly emphasized the preclusive scope of an identical provision of the federal banking laws, 12 U.S.C. § 1818(i)(1).  See, e.g., Board of Governors v. MCorp Financial, Inc., 502 U.S. 32, 39, 44 (1991) ("plain" and "preclusive"); Ridder v. OTS, 146 F.3d 1035, 1041 (D.C. Cir. 1998) ("unambiguously precludes judicial review"); CityFed Financial Corp. v. OTS, 58 F.3d 738, 741-42 (D.C. Cir. 1995); Carlton v. Firstcorp, Inc., 967 F.2d 942, 946 (4th Cir. 1992) ("Congress intended to exclude other methods of interfering with the regulatory action").

Further, the nature of the administrative proceeding derived from the Notice of Charges is fundamentally unlike that presented in the authorities relied upon by plaintiff, which generally involve the disqualification of judicial officers.   An Article III officer cannot serve as both judge and prosecutor.  Those standards, however, are inapplicable where, as here, the statute clearly contemplates the dual role of the agency head.  As the Supreme Court explained in Withrow v. Larkin, 421 U.S. 35 (1975), it is "very typical for the members of administrative agencies to receive the results of investigations, to approve the filing of charges or formal complaints instituting enforcement proceedings, and then to participate in the ensuing hearings."  Id. at 56. "This mode of procedure," the Court held, "does not violate due process of law."  Id. (footnote omitted).

Agency heads such as the Director of OFHEO are often required to conduct investigations, to report to Congress, and to determine whether cause exists to pursue adjudicatory proceedings.  In so doing, agency officials necessarily form a view as to whether a party's actions violated the law, and they may make statements to Congress about the legality of conduct within their regulatory purview.  In fulfilling these statutory responsibilities, they do not thereby ensure their own disqualification.  See also Federal Trade Commission v. Cement Institute, 333 U.S. 683, 701 (1948) (fact that  Commission members might have formed views of statutory violation based on their "prior ex parte investigations did not necessarily mean that the minds of its members were irrevocably closed;" in post-investigation adjudicatory hearings before the Commission, members of the cement industry were "free to point out to the Commission by testimony, by cross-examination of witnesses, and by arguments, conditions of the trade practices under attack which they thought kept these practices within the range of

-16-

legally permissible business activities."); Doolin Securities Savings Bank F.S.B. v. OTS, 139

F.3d 203, 212 n.8 (D.C. Cir. 1998) (Director of OTS could both issue a Notice of Charges and

preside over the subsequent adjudication of the evidence).

      Moreover, claims of agency bias of the type plaintiff presents here will not escape

effective appellate review of a final agency order. The presiding officer and primary factfinder in

the pending OFHEO proceedings is not the Director, but an independent ALJ who, under

OFHEO regulations, "shall have complete charge of the hearing, conduct a fair and impartial

hearing, avoid unnecessary delay and assure that a record of the proceeding is made." 12 C.F.R.

§ 1780.5. OFHEO is a litigant before the ALJ. No ALJs are employed by OFHEO.

Accordingly, the agency requested that OPM make arrangements for an ALJ to be assigned from

another agency. Thus, neither the Director nor any employee of OFHEO will oversee the

evidentiary hearing before the ALJ or shape the record, and the Director's final decision must be

"based upon review of the entire record of the proceeding." 12 C.F.R. § 1780.55(c).

      Contrary to plaintiff's contention, the present case stands in marked contrast to Cinderella

Career and Finishing Schools Inc. v. FTC, 425 F.2d 583 (D.C. Cir. 1970). In that case, where the

Commission had initiated administrative proceedings charging deceptive practices, an ALJ

concluded that the Commission had failed to prove that the acts and practices violated the FTC

Act. Thereafter, while the case was on appeal to the full Commission, the FTC Chairman made a

public speech that, in the Court's view, clearly indicated that the Chairman had prejudged the

pending appeal, see id. at 589-90, and, indeed, the Commission subsequently reversed the ALJ.

In contrast to the present case, the Chairman's remarks in Cinderella reflected complete

indifference to the administrative process and to the findings of the ALJ, which were then on

review.  The remarks were neither statements to Congress nor characterizations of charges that

had not yet been subject to administrative review proceedings and an ALJ determination.  The

Cinderella court also stressed a pattern of conduct by the same FTC Chairman that had resulted

in two previous appellate decisions regarding his improper participation in proceedings from

which he should have been recused.  See id. at 591.  And in analyzing the issue of the

Chairman's recusal, the court was aided by its ability to review the Commission's final order.

The court concluded that the Commissioners had ignored their responsibility to review the case

on the full record and had proceeded to make improper de novo determinations.  Id. at 585-86.

Plaintiff's claim that he cannot receive a fair hearing ignores the actual nature of the

pending administrative proceeding, in which the facts will be found, and the record assembled,

by an independent ALJ from another agency — whose findings, conclusions, and recommended

decision on the merits will be available to the court of appeals for its ultimate review.  12 U.S.C.

§ 4634(b); 12 C.F.R. § 1780.53(a).  As a result of the proceedings Congress has crafted,

plaintiff's claim that the Director's bias precludes a fair administrative process is without merit.

Finally, plaintiff's bootstrapping assertion that principles of judicial economy warrant that the

Notice of Charges be heard in this Court is wholly unsupportable.  Plaintiff has not cited any

authority for the proposition that, because shareholder derivative litigation, in which he is a

defendant, is pending in this Court, the statutory  framework enacted by Congress and implemented

by the agency through its regulations should be ignored.  Indeed, Congress has authorized OFHEO to

issue a Notice of Charges, to appear before an independent ALJ, to render a final agency decision

and, if appropriate, to defend its decision on the merits in the court of appeals.  Such an

administrative proceeding is wholly different from the private litigant lawsuits pending before this

Court. Plaintiff's interest in avoiding having to defend two different actions with two entirely different legal bases, although both may be based on his alleged improprieties resulting from his role as a Fannie Mae officer, cannot trump the Act's exclusive administrative enforcement process.[8] See, e.g., Clean Air Implementation Project v. Environmental Protection Agency, 150 F.3d 1200, 1205-06 (D.C. Cir. 1998) (while it might be easier to mount single challenge to evidentiary standard rather than defending a series of enforcement actions, "this kind of litigation cost-saving does not justify review in a case that would otherwise be unripe") (citing Ohio Foresting Association, Inc. v. Sierra Club, 523 U.S. 726, 735 (1998)). Therefore, plaintiff's motion should be denied.

## CONCLUSION

For the foregoing reasons, the Court should deny plaintiff's motion to require the Director of OFHEO to pursue his Notice of Charges in this Court.

Submitted: February 15, 2007                Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

_____/s/_____
ARTHUR R. GOLDBERG (D.C. Bar # 80661)
CARLOTTA WELLS
U.S. Department of Justice
Federal Programs Branch
20 Massachusetts Ave, N.W., Room 7150
Washington, D.C. 20530
(202) 514-4522

---

[8] In fact, the presiding ALJ has scheduled an evidentiary hearing in the ongoing administrative proceeding for January 2008. No trial date has been set in the derivative litigation pending before this Court. Contrary to plaintiff's assertion, economy and efficiency would be improved by allowing the narrower administrative proceeding to proceed first.

**OFHEO'S OPPOSITION TO PLAINTIFF'S MOTION TO REQUIRE
OFHEO TO PURSUE NOTICE OF CHARGES IN DISTRICT COURT**

**EXHIBIT 1**



**OFFICE OF FEDERAL HOUSING ENTERPRISE OVERSIGHT**
*1700 G STREET, NW  WASHINGTON DC 20552  (202) 414-3877*
*Office of General Counsel*

*VIA FACSIMILE*
**HIGH PRIORITY**

December 18, 2006

Ms. Linda M. Springer
Office of the Director
Special Initiatives
Office of Personnel Management
1900 E Street N.W.
Washington, D.C.  20415

Re:    Request for Services of Administrative Law Judge to Preside in
       In the Matter of Franklin D. Raines, et al.; Notice Number 2006-01

Dear Ms. Springer:

    Pursuant to 12 U.S.C. 4633 and 5 U.S.C. 553, the Office of Federal Enterprise Oversight (OFHEO) requests of the Office of Personnel Management (OPM) the services of an administrative law judge (ALJ) to hear charges in the above matter, which is required to be held in the District of Columbia pursuant to 12 U.S.C. 4633. The Notice of Charges names Messrs. Franklin D. Raines, J. Timothy Howard and Leanne G. Spencer and alleges that the named former executive officers or directors of the Federal National Mortgage Association (Fannie Mae) engaged in conduct that violated the Federal Housing Enterprises Financial Safety and Soundness of Act of 1992 (Safety and Soundness Act of 1992), 12 U.S.C. §§ 4501 *et seq.*, the Federal National Mortgage Association Charter Act, 12 U.S.C. 1716 *et seq.*, and OFHEO's orders, rules, regulations, or guidances, as is to be alleged with more particularity in the Notice of Charges. OFHEO has determined and the facts will show that Messrs. Raines and Howard and Ms. Spencer engaged in violations or conduct that caused or is likely to cause a loss to Fannie Mae; and that such violations or conduct: violations and conduct (a) resulted from a pattern of malfeasance, misfeasance, and nonfeasance; (b) involved recklessness; (c) were knowing; and (d) resulted in unjust enrichment.

    OFHEO requests relief in the form of civil money penalties and other monetary sanctions. The Director may impose a civil money penalty in accordance with 12 U.S.C. § 4636. As the matters described above involve violations of financial safety and soundness standards for the financial institutions regulated by OFHEO, OFHEO requests the services of an ALJ with experience in adjudicating financial regulatory matters.

OFHEO anticipates imminent issuance of the Notice of Charges and service upon the parties named above, and therefore requires the assignment of an appropriate ALJ as soon as possible. OFHEO is making this request of OPM as OFHEO does not employ ALJs.

Please contact David A. Felt, Deputy General Counsel, at 202-414-3750, if you have any questions or need any additional information regarding this matter. Your consideration of this time sensitive request is very much appreciated.

Sincerely,

Alfred M. Pollard
General Counsel

**OFHEO'S OPPOSITION TO PLAINTIFF'S MOTION TO REQUIRE
OFHEO TO PURSUE NOTICE OF CHARGES IN DISTRICT COURT**

**EXHIBIT 2**



UNITED STATES OFFICE OF PERSONNEL MANAGEMENT
Washington, DC 20415

Human Capital Leadership
and Merit System
Accountability Division

DEC 2 1 2006

Loan #:  2007-46
Expiration date: 9-30-07

Mr. Alfred M. Pollard
General Counsel
Office of Federal Housing Enterprise Oversight
1700 G Street, NW,
Washington, DC 20552

Dear Mr. Pollard:

This is in reference to your December 18, 2006 letter, requesting the loan of an
Administrative Law Judge (ALJ) to adjudicate the following matter:

- *In the matter of Franklin D. Raines, et al.; Notice No. 2006-01*

This case requires a hearing by an ALJ pursuant to 12 U.S.C. § 4633 and 5 U.S.C § 553.

Pursuant to 5 U.S.C. § 3344 and 5 CFR 930.213 and with the consent of the loaning
agency, the Environmental Protection Agency (EPA), the Office of Personnel
Management (OPM) hereby approves your request. EPA's Chief ALJ Susan Biro will
select the judge to be loaned. The services of the loaned judge will be provided on a
temporary, intermittent, and reimbursable basis through September 30, 2007, subject to
possible extension for Fiscal Year 2008 which, if needed, should be requested from this
office no later than September 25, 2007. Judge Biro's telephone number is (202) 564-
6255 and her mailing address is: EPA, 1200 Pennsylvania Ave, NW, 1900L, Washington,
DC 20460.

Please send us a copy of the case assignment letter that you issue to Chief Judge Biro,
and notify us of the final disposition of the case. Address all correspondence to the
Center for Human Capital Implementation and Assessment, 1900 E Street, NW, Room
7425, Washington, DC 20415-9400. Please indicate the loan number shown above when
referring to any changes to or status of cases regarding this loan.

Sincerely,

Sydney Smith-Heimbrock
Deputy Associate Director
Center for Human Capital
Implementation and Assessment

cc:    Hon. Susan Biro, Chief ALJ, EPA
       Personnel, EPA

# FAX TRANSMITTAL



**U.S. Office of Personnel Management**
Center for Human Capital Implementation and Assessment

1900 E Street, N.W.
Room 7425
Washington, D.C. 20415

Date: <u>December 21, 2006</u>

To:          <u>**Mr. David Felt, OFHEO**</u>
Fax No.:     <u>**(202) 414-6504**</u>

From:        <u>**Juanita Love**</u>
Phone No.:   <u>**(202) 606-4890**</u>
Fax No.:     <u>**(202) 606-8359**</u>

Number of Pages (including transmittal): <u>**2**</u>

**OFHEO'S OPPOSITION TO PLAINTIFF'S MOTION TO REQUIRE
OFHEO TO PURSUE NOTICE OF CHARGES IN DISTRICT COURT**

**EXHIBIT 3**

UNITED STATES OF AMERICA
OFFICE OF FEDERAL HOUSING ENTERPRISE OVERSIGHT

```
RECEIVED
FEB - 6 2007
OFFICE OF GENERAL COUNSEL
```

|  |  |
|---|---|
| In the Matter of: | ) |
|  | ) |
| FRANKLIN D. RAINES | ) |
|  | ) |
| J. TIMOTHY HOWARD | )    Notice No. 2006-1 |
|  | ) |
| LEANNE G. SPENCER | ) |
|  | ) |

## ORDER OF DESIGNATION

Administrative Law Judge William B. Moran of the United States Environmental Protection Agency, is hereby designated to serve as the Administrative Law Judge to preside over this proceeding pursuant to Title 12, Code of Federal Regulations, Section 1780.72.[1]

_Susan L. Biro_
Chief Administrative Law Judge

Dated: January 29, 2007
       Washington, D.C.

---

[1]The Administrative Law Judges of the United States Environmental Protection Agency are authorized to hear cases pending before the Office of Federal Housing Enterprise Oversight, pursuant to an Interagency Agreement effective for a period beginning January 29, 2007.

<u>In the Matter of Franklin D. Raines, J. Timothy Howard and Leanne G. Spencer</u>

Notice No. 2006-1

<u>CERTIFICATE OF SERVICE</u>

I certify that the foregoing **Order of Designation**, dated January 29, 2007, was sent this day in the following manner to the addressees listed below.

*Maria Whiting-Beale*

Maria Whiting-Beale
Legal Staff Assistant

Dated: January 29, 2007

Copy by Regular Mail to:

Charlotte A. Reid, Esquire
David A. Felt, Esquire
Office of General Counsel
Office of Federal Housing Enterprise
    Oversight
1700 G Street, NW, 4th Floor
Washington, DC 20552

Kevin M. Downey, Esquire
Williams & Connolly LLP
725 Twelfth Street, NW
Washington, DC 20005

Steven M. Salky, Esquire
Zuckerman Spaeder LLP
1800 M Street, NW, Suite 1000
Washington, DC 20036

David S. Krakoff, Esquire
Mayer, Brown, Rowe & Maw LLP
1909 K Street, NW
Washington, DC 20006-1101

Laurice Y. Chen, Esquire
Robert H. Dietrick, Esquire
Joseph J. Aronica, Esquire
Christopher Mahoney, Esquire
Duane Morris LLP
1667 K Street, NW, Suite 700
Washington, DC 20006-1608

**OFHEO'S OPPOSITION TO PLAINTIFF'S MOTION TO REQUIRE
OFHEO TO PURSUE NOTICE OF CHARGES IN DISTRICT COURT**

**EXHIBIT 4**

 **ORIGINAL**

UNITED STATES OF AMERICA

OFFICE OF FEDERAL HOUSING ENTERPRISE OVERSIGHT


- - - - - - - - - - - -x

In the Matter of:            :

FRANKLIN D. RAINES           :

J. TIMOTHY HOWARD            :      Notice Number

LEANNE G. SPENCER           :         2006-1

         Respondents        :

- - - - - - - - - - - - - x




                    Washington, D.C.

                    Wednesday, February 7, 2007


    The scheduling conference in the above-entitled

matter, convened at 9:32 a.m., before:

    HON. WILLIAM B. MORAN

2

APPEARANCES:


On behalf of Respondent Raines:

KEVIN M. DOWNEY, ESQ.

JOSEPH M. TERRY, ESQ.

Williams & Connolly LLP

725 Twelfth Street, N.W.

Washington, D.C. 20005

(202) 434-5460


On behalf of Respondent Howard:

STEVEN SALKY, ESQ.

ERIC R. DELINSKY, ESQ.

TAMMY GERSHONI, ESQ.

Zuckerman Spaeder, LLP

1800 M Street, N.W.

Washington, D.C. 20036

(202) 778-1800

3

APPEARANCES: (Continued)


On behalf of Respondent Spencer:

DAVID S. KRAKOFF, ESQ.

Mayer, Brown, Rowe & Maw, LLP

1909 K Street, N.W.

Washington, D.C. 20006-1101

(202) 263-3000


On behalf of OFHEO:

DAVID A. FELT, ESQ.

ROCCO N. COVINO, ESQ.

OFHEO

1700 G Street, N.W.

Washington, D.C. 20552

(202) 414-3750

and

JOSEPH J. ARONICA, ESQ.

Duane Morris LLP

1667 K Street, N.W., Suite 700

Washington, D.C. 20006-1608

(202) 776-7824

4

```
 1              P R O C E E D I N G S

 2              ADMINISTRATIVE JUDGE MORAN:  Okay.  Good

 3   morning.  For those of you who have not met me

 4   before, I am Judge William B. Moran.  I am the

 5   presiding officer in this case, which is captioned as

 6   the Office of Federal Housing Enterprise Oversight in

 7   the matter of Franklin D. Raines, J. Timothy Howard,

 8   LeAnne G. Spencer.  Notice

 9   Number 2006-1.

10              We are here today at the EPA East Building,

11   EAB Courtroom at 1201 Constitution Avenue,

12   Washington, D.C. for the purpose of the scheduling

13   conference concerning the aforementioned

14   administrative notice of charges brought by the

15   Office of Federal Housing Enterprise Oversight, which

16   we're referring to

17   as OFHEO, in the matters I just mentioned.

18              I would like the parties now to

19   introduce themselves for the record beginning

20   with OFHEO.

21              MR. FELT:  Thank you Your Honor.  I'm David

22   Felt.  And with me at counsel table from the outside
```

1  Rocco Covino.

2         MR. COVINO:  Good morning, Your Honor.

3         MR. FELT:  And Joseph Aronica.

4         ADMINISTRATIVE JUDGE MORAN:  Mr. Downey,

5  nice to see you again.

6         MR. DOWNEY:  Thank you, Your Honor.

7  Good morning, Your Honor.  Kevin Downey for Frank

8  Raines.

9         ADMINISTRATIVE JUDGE MORAN:  Mr. Salky,

10  good to see you again.

11         MR. SALKY:  Good morning, Your Honor.

12  Steven Salky for J. Timothy Howard.

13         MR. KRAKOFF:  Good morning, Your Honor.

14  This is my first time before you.  David Krakoff for

15  LeAnne Spencer.

16         ADMINISTRATIVE JUDGE MORAN:  Nice to meet

17  you, sir.

18         MR. KRAKOFF:  Nice to meet you.

19         ADMINISTRATIVE JUDGE MORAN:  Okay.  I'm

20  going to make a statement and a ruling.  Then we'll

21  deal to some extent with some other issues and some

22  questions I have and then other matters that the

1  parties may want to raise.

2         Can you all hear me okay?

3         AUDIENCE MEMBER:  Your Honor, no, sir, I

4  can not hear you well.

5         ADMINISTRATIVE JUDGE MORAN:  You cannot

6  hear well?

7         AUDIENCE MEMBER:  No, sir.

8         ADMINISTRATIVE JUDGE MORAN:  Okay.  If I

9  have feedback, tell me.  We'll get this adjusted.

10        Can you hear me now?

11        AUDIENCE MEMBER:  Much better, sir.

12        ADMINISTRATIVE JUDGE MORAN:  Okay.  This

13 scheduling conference is being held pursuant to

14 12 CFR Section 1780.33.  And the purpose is to

15 schedule, quote, the course and conduct of this

16 proceeding.

17        In my notice of this conference, which was

18 issued on January 31, 2007 and which was orally

19 noticed during a conference call held

20 with the parties on the same date, I indicated that

21 other issues could be addressed in this conference

22 provided those issues were identified to me by