UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| J. TIMOTHY HOWARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:07-ms-0020 (RJL) |
| ) | |
| JAMES B. LOCKHART III, ) | |
| Director, Office of Federal ) | |
| Housing Enterprise Oversight ) | |
| ) | |
| Defendant. ) | |

**REPLY IN SUPPORT OF J. TIMOTHY HOWARD'S
MOTION TO REQUIRE THE DIRECTOR OF OFHEO TO PURSUE
HIS NOTICE OF CHARGES AGAINST MR. HOWARD IN THIS COURT**

In its fervor to avoid litigating its Notice of Charges against Mr. Howard in this Court, OFHEO disregards the plain language of the two sentences that comprise 12 U.S.C. § 4635. While OFHEO concedes that the first sentence of the statute authorizes the Director to seek "the enforcement of any effective notice" in federal district court, its reading of that phrase is so constrained and illogical that it would render it superfluous. Likewise, while OFHEO concedes that the second sentence of the statute independently confers upon this Court related "jurisdiction and power," it rewrites this provision with new words of its own choosing in an attempt to unduly limit this Court's authority. Indeed, OFHEO's construction of the statute conflicts not only with its plain language, but also with several of the most basic canons of statutory construction – including the "well-settled presumption favoring interpretations of statutes that allow judicial review of administrative action," *McNary v. Haitian Refugee Center, Inc.*, 498 U.S. 479, 496 (1991), the requirement that "a court … give effect to every phrase of a statute so

that no part is rendered superfluous," *Nat'l Insulation Transp. Comm. v. Interstate Commerce Comm'n*, 683 F.2d 533, 537 (D.C. Cir. 1982), and the rule that "identical words used in different parts of the same act are intended to have the same meaning," *Yousuf v. Samantar*, 451 F.3d 248, 256 (D.C. Cir. 2006).

At the same time, OFHEO does not dispute that the interests of judicial economy would be served by requiring the Director to pursue his Notice of Charges in this Court and that procedural, jurisdictional, and practical problems will arise if the Notice of Charges are adjudicated administratively. Nor does it identify a single burden that would be placed on the Director if the Court ordered him to proceed in this forum. Indeed, the main consequence of proceeding in this forum would be the orderly (and fair) administration of justice – a result to which OFHEO can have no legitimate objection.

For these reasons and those set forth below, the Court should reject OFHEO's position and order the Director to pursue the Notice of Charges in this Court.

### A. OFHEO's Reading of the Word "Enforcement" Is Contrived.

Section 4635(a) authorizes the Director "to bring an action in the District Court for the District of Columbia for the enforcement of any effective <u>notice</u> or order" issued under subchapter III of the Safety and Soundness Act (emphasis added).[1] OFHEO concedes that this language authorizes the Director to bring an action in this forum for the "enforcement" of a

---

[1] 12 U.S.C. § 4635(a) provides in full:

> The Director may request the Attorney General of the United States to bring an action in the United States District Court for the District of Columbia for the enforcement of any effective notice or order issued under this subchapter [12 U.S.C.A. § 4631 et seq.] or subchapter II [12 U.S.C.A. § 4611 et seq.] of this chapter or may, under the direction and control of the Attorney General, bring such an action. Such court shall have jurisdiction and power to order and require compliance herewith.

The statute appears in subchapter III of the Act.

Notice of Charges. Indeed, a "Notice of Charges" is the only "notice" the Director is authorized to issue under subchapter III of the Act.

OFHEO nevertheless contends that an adjudication of the merits of a Notice of Charges cannot take place in this forum. To square this contention with the plain language of the statute, it advances a contrived and overly-narrow definition of the term "enforcement." It maintains that the "enforcement" of a Notice of Charges is not an adjudication of a Notice of Charges, but merely the mechanism to address situations when "an individual fails to respond to a Notice of Charges." (Opp'n at 2,12) This reading of the word "enforcement," however, belies not only its plain meaning, but also the way in which the term is used throughout the Act and OFHEO's Rules of Practice and Procedure in the context of a Notice of Charges.

In an enforcement action such as this, the term "enforcement" means the process by which the Notice of Charges is litigated and adjudicated. Indeed, subchapter III of the Act, which contains the statutes that authorize the issuance of the Notice of Charges, is entitled "Enforcement Provisions." That subchapter concerns itself with a process, albeit an administrative one, by which the allegations contained in a Notice of Charges can be adjudicated. Moreover, the very provision – § 4635(b) – OFHEO relies upon for the proposition that this Court "lacks jurisdiction over [administrative] proceedings relating to the merits of a Notice of Charges" (Opp'n at 3 (emphasis added)), describes those proceedings as the "enforcement of any notice . . . under section 4631, 4632, or 4636 of this title . . . ." 12 U.S.C. § 4635(b) (emphasis added). If the phrase "enforcement of any notice" constitutes "proceedings relating to the merits" in one subparagraph of the statute, it must also encompass proceedings to adjudicate claims on the merits in the other subparagraph. *See Nat'l Credit Union Admin. v. First Nat'l Bank & Trust Co.*, 522 U.S. 479, 501 (1998) (following "established canon of construction that

similar language contained within the same section of a statute must be accorded a consistent meaning.").

To put it simply, "enforcement" to OFHEO is the functional equivalent of "prosecution" to the Department of Justice. It is the process by which administrative charges are litigated and decided. OFHEO's contrived attempt to limit the meaning of term "enforcement" to an arbitrary situation where a respondent fails to respond to a Notice of Charges ignores the plain meaning of the word – as well as the meaning afforded to it every place else in subchapter III of the Act.

The effect of reading the term "enforcement" in such a constrained fashion is to render the term "notice" superfluous. The relevant statutes and regulations make clear that, when a party fails to respond to a notice, the remedy is in the entry of an "order" – not federal court enforcement of the "notice." *See* 12 U.S.C. § 4633(a)(4) (providing that a party who fails to respond to a Notice of Charges "shall be deemed to have consented to the issuance of the cease-and-desist order . . . ."); 12 C.F.R. § 1780.21(c) (providing for issuance of a "final order" when a party fails to respond to a Notice of Charges). In such a situation, it is this "order" that would be the subject of enforcement in federal court, to the extent that the Director elected to "bring an action" there or another party sought to require the Director to bring such an action. Thus, under OFHEO's construction of the statute, the term "notice" would provide nothing not already provided by the term "order." OFHEO's construction therefore reads the term "notice" out of § 4635(a). That is not OFHEO's prerogative. It is well settled that a court "must, if possible, construe a statute to give every word some operative effect." *Cooper Indus., Inc. v. Aviall Servs., Inc.*, 543 U.S. 157, 167 (2004).

**B.     To Limit this Court's Power, OFHEO Replaces Words in the Statute With Words of Its Own Choosing.**

As set forth in Mr. Howard's opening brief, the first sentence of the statute (discussed above) permits the Director to pursue a Notice of Charges in this Court, and the second sentence gives this Court the power to require the Director to proceed before it. Specifically, the second sentence confers "jurisdiction and power" on the Court "to order and require compliance herewith." 12 U.S.C. § 4635(a).

In its opposition, OFHEO argues that this second sentence does not confer on the Court the power to require the Director to pursue a Notice of Charges in this forum. Rather, according to OFHEO, the sentence merely grants this Court the power to require a respondent to comply with an "effective notice or order" issued by the Director. (Opp'n at 10.) The words "effective notice or order," however, do not appear in this sentence of the statute. OFHEO unilaterally reads these words into it. More specifically, OFHEO takes the liberty of substituting these words for the term that actually appears in the statute ("herewith") – a term that makes clear that the second sentence refers back to the first. In so doing, OFHEO attempts to change both "what" the Court can order compliance with and "who" the Court can order to comply. Because the first sentence defines what forum the Director may proceed in and the second sentence confers power on the Court to require compliance "herewith," the second sentence can only mean that the Court has jurisdiction and power <u>over the forum choice</u>. Likewise, because the first sentence concerns actions the <u>Director</u> can take, the second sentence can only mean that the Court has jurisdiction and power to order and require action by the Director – not a respondent, as OFHEO posits in its opposition. By substituting "effective notice or order" for "herewith," OFHEO attempts to do that which it cannot – rewrite a statute and transform its meaning.

Not surprisingly, OFHEO's attempt to rewrite the second sentence of the statute produces illogical results. As to "orders," OFHEO's draftsmanship renders the second sentence of § 4635(a) altogether superfluous.[2] As to "notices," OFHEO's construction is simply illogical. A Notice of Charges is a mere charging document. To suggest that a court can order compliance with it is no different than suggesting that a court can order compliance with complaint in a civil case. It makes no sense.[3]

### C. OFHEO's Reading of the Anti-Injunction Provision in § 4635(b) Is Equally Contrived.

OFHEO argues that the subsection of § 4635 that follows these provisions precludes this Court from exercising any jurisdiction over the enforcement of a notice or order. This reading, however, ignores the most relevant language in the subsection. While the provision states that "no court shall have jurisdiction to affect … the enforcement of any notice or order," it makes clear that this limit applies only to the extent federal court jurisdiction is not "otherwise provided" in subchapter III of the Act. 12 U.S.C. § 4635(b). Indeed, the very first words of the subsection are: "Except as otherwise provided in this subtitle." Because the jurisdiction at issue here is supplied in subsection (a) and thus is "otherwise provided," subsection (b) imposes no limits on the Court's ability to grant Mr. Howard's motion. *See Bankston v. White*, 345 F.3d

---

[2] OFHEO argues that the first sentence of the provision permits the Director to enforce an order in federal court, and the second sentence, in turn, grants the court jurisdiction to require compliance with the order. In other words, according to OFHEO, the second sentence adds nothing that is not already supplied by the first sentence.

[3] Even if the Court were to determine that the second sentence of § 4635(a) did not give it jurisdiction to require the Director to proceed with the Notice of Charges in this forum, the Court still would have jurisdiction under the Administrative Procedures Act to review the Director's decision to proceed extra-judicially. *See Bennett v. Spear*, 520 U.S. 154, 177-78 (1997); *Gulf Oil Corp. v. U.S. Dept. of Energy*, 663 F.2d 296 (D.C. Cir. 1981). That is because the Director's "election" to proceed administratively rather than in this forum – in light of the Director's bias and the interests of judicial economy – was arbitrary and capricious, an abuse of discretion and contrary to law. 5 U.S.C. § 706(2)(a). Indeed, because the Director never even considered pursuing the charges in federal court – as OFHEO's opposition makes abundantly clear – his "election" to proceed administratively was arbitrary and capricious and an abuse of discretion as a matter of law. *See Jaimez-Revola v. Bell*, 598 F.2d 243, 246 (D.C. Cir. 1979).

768, 770 (9th Cir. 2003) (court "will not infer that one statute does away with jurisdiction expressly granted by another . . . where the two statutes may easily be read to coexist peacefully") (citing *INS v. St. Cyr*, 533 U.S. 289, 299 (2001)).

OFHEO's reading of subchapter (b) not only ignores the provision's "except as otherwise provided" caveat, but it would render subsection (a) superfluous. Indeed, if subsection (b) stood for the proposition advanced by OFHEO that courts have no jurisdiction over the enforcement of notices and orders, the language in subsection (a) which permits OFHEO to bring an action in federal court "for the enforcement of any effective notice or order" would have no meaning.

As set forth in Mr. Howard's opening brief, subsection (b) simply prevents a Court from meddling in decisions and actions in ongoing administrative proceedings. Here, however, Mr. Howard is not asking the Court to review any decision of the ALJ or to otherwise meddle in the particular orders or events in the administrative proceeding. Rather, Mr. Howard is asking the Court to decide the threshold question of which forum the Notice of Charges is to be adjudicated. Accordingly, any limits imposed by subsection (b) do not apply.

    **D.**    **OFHEO Does Not Contest the Efficiencies that Would Result If OFHEO's Charges Were Brought in This Court.**

OFHEO does not dispute that the MDL proceedings before this Court involve the same factual allegations that are contained in the Notice of Charges. It does not dispute that it seeks nearly identical relief – and on behalf of the same entity, Fannie Mae – as the derivative plaintiffs. It does not dispute that the interests of judicial economy would be served by requiring the Director to pursue his Notice of Charges in this Court. Nor does it identify a single burden that would be placed on OFHEO, the Court or any party, if the Court ordered the Director to proceed in this forum.

On the flip side, there would be serious consequences if the Director were permitted to enforce the Notice of Charges in a different forum. By way of example, it could result in the entry of conflicting litigation schedules; it could result in inconsistent rulings on identical issues; it could result in multiple appeals to the D.C. Circuit involving similar issues but on different records; it could result in the inconsistent applications of collateral estoppel; and, it most certainly would result in duplication and waste and, to a degree, would erase many of the benefits the MDL panel sought to achieve when it consolidated the Fannie Mae litigation before this Court.

These circumstances provide more than ample basis for the Court to exercise its discretion under § 4635(a) to require the Director to proceed here. It simply is the most efficient, logical and just way to proceed.

### E.     OFHEO's Arguments Regarding the Director's Bias Are Without Merit.

As the Court is aware, pending before the D.C. Circuit are mandamus petitions by Mr. Raines and Ms. Spencer seeking the recusal of Director Lockhart, and OFHEO itself, from any adjudicatory role concerning the Notice of Charges.[4] Accordingly, the issue is not addressed at length here. Suffice it to say, OFHEO does not even attempt to address the substance of any of the statement by Director Lockhart set forth in Mr. Howard's opening brief – other than to assert, without basis, that the Director cannot be biased because one such statement appeared in an official OFHEO press release, as if that makes a difference. Instead, the agency suggests that recusal is not required because the Director merely was fulfilling statutory duties by speaking publicly. (*See* Opp'n at 14, 16.) This argument borders on frivolous. The Director has no statutory duty to appear on television, give interviews to the media, or make speeches to trade

---

[4] Although OFHEO's opposition to Mr. Howard's motion makes no mention of this fact, the agency has represented to the D.C. Circuit that the Director is considering whether to recuse himself from this matter.

associations or similar groups.  And he most certainly has no statutory duty – or authority – to make statements in those contexts reflecting his assessment of the merits of pending investigations and proceedings.  His statements overstepped the bounds.  As a result, under the law of this Circuit, neither the Director, nor anyone in his agency, can perform an adjudicatory role in this case.  This provides yet another reason why this Court should exercise its discretion under § 4635 to require the Director to proceed in this forum.[5]

Finally, to the extent that OFHEO suggests that the taint of Director Lockhart's statements is purged by the appointment of an administrative law judge ("ALJ") to preside over the evidentiary hearing, its position is without merit.  Under OFHEO's regulations, it is the Director, not the ALJ, who is the ultimate trier of fact and law.  *See* 12 U.S.C. § 4633(b)(1); 12 C.F.R. 1780.55(c).  The ALJ merely submits "recommend[ations]" to the Director.  *See* 12 C.F.R. § 1780.53(a).  No less significantly, even before the matter is referred to Director for final decision, the Director has authority to intervene in the proceedings "at any time" to make rulings, issue orders, and otherwise control the process.  *See* 12 C.F.R. § 1780.4 ("The Director may, at any time during the pendency of a proceeding, perform, direct the performance of, or waive performance of any act that could be done or ordered by the presiding officer.").  Thus, the Director retains total authority over the proceeding and its outcome.  The appointment of an ALJ to preside over the evidentiary hearing therefore offers no protection against the Director's bias and provides no basis to permit the Director to pursue this matter administratively rather than in this Court.

---

[5] OFHEO is wrong when it contends that the cases relied upon by Mr. Howard "generally involve the disqualification of judicial officer." (Opp'n at 16.)  Mr. Howard relies almost exclusively on *Cinderella Career and Finishing Schools, Inc. v. Federal Trade Commission*, 425 F.2d 583 (D.C. Cir. 1970), which sets forth the test for disqualification of an <u>agency</u> decision-maker.

## **CONCLUSION**

For the foregoing reasons, and for the reasons set forth in Mr. Howard's opening memorandum, Mr. Howard respectfully requests that the Court enter an Order requiring the Director of OFHEO to pursue the Notice of Charges against Mr. Howard in this Court.

Dated:  February 23, 2007                     Respectfully submitted,

/s/ Eric R. Delinsky
Steven M. Salky (D.C. Bar No. 360175)
Eric Delinsky (D.C. Bar No. 460958)
Miles Clark (D.C. Bar No. 489388)
ZUCKERMAN SPAEDER LLP
1800 M Street, N.W.
Washington, D.C. 20036
202-778-1800 (telephone)
202-822-8106 (facsimile)

*Counsel for J. Timothy Howard*

**CERTIFICATE OF SERVICE**

    I certify that on this 23rd day of February 2007, I filed the foregoing with the Clerk of Court via the CM/ECF system, which will send notification of such filing to the counsel of record in this matter who are registered on the CM/ECF system.

                                              /s/ Miles Clark_____
                                              Miles Clark