IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| J. TIMOTHY HOWARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case Number: 1:07-ms-00020 |
| | ) | |
| JAMES B. LOCKHART, III, | ) | Hon. Richard J. Leon |
| DIRECTOR, OFFICE OF | ) | |
| FEDERAL HOUSING | ) | |
| ENTERPRISE OVERSIGHT, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MOTION FOR LEAVE TO FILE A SUR-REPLY
TO PLAINTIFF'S MOTION TO REQUIRE OFHEO
TO PURSUE NOTICE OF CHARGES IN DISTRICT COURT**

The Office of Federal Housing Enterprise Oversight (OFHEO) , by undersigned counsel,

respectfully requests leave to file a sur-reply to plaintiff's Motion to Require OFHEO to Pursue

Notice of Charges in District Court ("Motion to Require").  At the February 16, 2007 hearing, the

Court indicated that the government would get another opportunity to present its arguments in

opposition to plaintiff's motion.  Feb. 16, 2007 Hearing Transcript at 24.  In light of additional points

raised in plaintiff's reply, the government believes that the Court will benefit from additional

development of its argument that the Federal Housing Enterprises Safety and Soundness Act of 1992

(the Act), 12 U.S.C. § 4501, *et seq.*, does not permit the Court to require the Director to pursue the

Notice of Charges in this forum.

On March 13, 2007, government counsel spoke with plaintiff's attorney, Eric Delinsky.  Mr.

Delinsky advised that plaintiff opposes this motion unless plaintiff is provided with an opportunity to

file a sur-sur-reply.

**CONCLUSION**

For the foregoing reasons, the Court should grant the defendant's motion for leave to file

a sur-reply.

Submitted: March 13,  2007                      Respectfully submitted,

                                                PETER D. KEISLER
                                                Assistant Attorney General

                                                JEFFREY A. TAYLOR
                                                United States Attorney


                                                          /s/
                                                _____
                                                ARTHUR R. GOLDBERG (D.C. Bar # 180661)
                                                CARLOTTA WELLS
                                                U.S. Department of Justice
                                                Federal Programs Branch
                                                20 Massachusetts Ave, N.W., Room 7150
                                                Washington, D.C. 20530
                                                (202) 514-4522

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| J. TIMOTHY HOWARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case Number: 1:07-ms-00020 |
| | ) | |
| JAMES B. LOCKHART, III, | ) | Hon. Richard J. Leon |
| DIRECTOR, OFFICE OF | ) | |
| FEDERAL HOUSING | ) | |
| ENTERPRISE OVERSIGHT, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PROPOSED ORDER**

Upon consideration of OFHEO's Motion for Leave to File Sur-Reply to Plaintiff's

Motion to Require OFHEO to Pursue Notice of Charges in District Court, it is hereby

ORDERED that OFHEO's Motion to File Sur-Reply is Granted and the Sur-Reply shall

be entered on the docket in this case.

_____
Date

_____
RICHARD J. LEON
U.S. DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

J. TIMOTHY HOWARD,                    )
                                      )
           Plaintiff,                 )
                                      )
    v.                                )      Case Number: 1:07-ms-00020
                                      )
JAMES B. LOCKHART, III,               )      Hon. Richard J. Leon
DIRECTOR, OFFICE OF                   )
FEDERAL HOUSING                       )
ENTERPRISE OVERSIGHT,                 )
                                      )
           Defendant.                 )
                                      )

**OFHEO'S SUR-REPLY TO PLAINTIFF'S MOTION TO REQUIRE
OFHEO TO PURSUE NOTICE OF CHARGES IN DISTRICT COURT**

**INTRODUCTION**

In his reply, J. Timothy Howard persists in putting forth an unsupportable interpretation

of the Federal Housing Enterprises Financial Safety and Soundness Act (the Act), Pub. L. No.

102-550, tit. XIII, 106 Stat. 3941 (1992) (codified at 12 U.S.C. § 4501, *et seq.*), one that is

entirely inconsistent with the language of the statute.  Mr. Howard's interpretation of 12 U.S.C. §

4635 ignores the broader context of the Safety and Soundness Act.  Indeed, a review of the

statute as a whole reveals significant reasons for rejecting Mr. Howard's argument.  Section 4635

does not provide this Court with the authority to assume control over OFHEO's ongoing

administrative enforcement proceedings.  First, the authority provided to OFHEO must be read in

the context of the authority provided to the bank regulatory agencies and congressional intent to

provide the agencies with the ability to move quickly to enforce their oversight authority.

Second, the term "notice or order" as used in section 4635(a) applies to final enforcement-related

actions that OFHEO is authorized to take, not to a Notice of Charges issued pursuant to 12

U.S.C. § 4631.  Third, the term "enforcement" as used in section 4635(a) does not mean the

adjudication of a Notice of Charges.  Fourth, the statute clearly limits the scope of the Court's

jurisdiction to enforcement of final orders or notices of the agency that OFHEO refers to the

Court for enforcement.  And, finally, the Act specifically confers authority upon the Director of

OFHEO, not the Court, to undertake many enforcement-related actions.  For all of these reasons,

Mr. Howard's completely counter-intuitive and forced interpretation of the Act should be

rejected.

**STATUTORY BACKGROUND**

As noted in OFHEO's opposition to the motion to require, the principal officer of

OFHEO is the Director, who is appointed by the President and confirmed by the Senate for a

term of five years.  12 U.S.C. § 4512.  The powers of the agency are generally vested in the office

of the Director who, for example, has the duty "to ensure that the enterprises are adequately

capitalized and operating safely."  12 U.S.C. § 4513(a).  To meet this obligation effectively, the

Act provides OFHEO with broad regulatory and supervisory authority over Fannie Mae and

Freddie Mac and their executive officers and directors, including: (1) a requirement that OFHEO

conduct an annual examination of the enterprise, *id.*  §§ 4513(b)(2), 4517(a); (2) authority to

conduct other investigations if "necessary to determine the condition of the enterprise for the

purpose of ensuring its financial safety and soundness," *id.*  § 4517(b); *accord id.* § 4513(b)(2);

(3) authority to determine the capital levels of the enterprises and classifications of the

enterprises, *id.* § 4513(b)(3); §§ 4611-4614, 4618 (Subchapter II of the Act –Required Capital

Levels for Enterprises and Special Enforcement Powers); (4) authority to appoint conservators,

*id.* § 4619; and (5) authority to take administrative and enforcement actions under subchapter III

of the Act (Enforcement Provisions), subchapter II (Require Capital Levels), and "other matters

relating to safety and soundness, *id.* § 4513(5).  OFHEO is required to report the results of these

examinations to Congress and to apprise it of enforcement actions.  *Id.* § 4521.

Subchapter II of the Act pertains to the capitalization of the enterprises and the Director's special enforcement powers. The Director is authorized to establish a risk-based capital test, which "shall determine the amount of the total capital for the enterprise that is sufficient for the enterprise to maintain positive capital" for ten years, taking into account such factors as credit risk, interest rate risk, and new business. 12 U.S.C. § 4611(a). The Director is further authorized to set minimum and critical capital levels for the enterprise, *id.* §§ 4612-13, as well as to apply statutorily defined capital classification. *Id.* § 4614. Further, the statute specifies mandatory and discretionary supervisory actions for the Director in the event that an enterprise becomes undercapitalized, *id.* § 4615, and significantly undercapitalized, *id.* § 4616. Before taking any of these supervisory actions, the Director shall provide written notice to the enterprise of the proposed action, to which notice the enterprise has 30 days to respond before the Director shall make a final determination. *Id.* § 4618. That determination to take action and the reasons for the action are effected by written notice under 12 U.S.C. § 4618(d).[1]

In certain circumstances, if the Director determines that an enterprise is critically undercapitalized, he may appoint a conservator. 12 U.S.C. §§ 4616(b)(5)-(6), 4617. The appointment of a conservator is likewise effective through a "notice." *Id.* § 4619(a)(3). An enterprise may bring an action in this Court seeking to terminate the appointment of a conservator. *Id.* § 4619. In such an action, the Court may set aside the appointment decision only if the decision was arbitrary, capricious, or an abuse of discretion, but otherwise may not "take any action regarding the removal of a conservator or otherwise restrain or affect" the conservator's powers or functions. *Id.* § 4619(b).

---

[1] Of these notices, only the latter is an "effective notice" that may be enforced under 12 U.S.C. § 4635.

Under subchapter III, the Director is provided additional authority for enforcement of the

Act with respect to Fannie Mae and Freddie Mac.  The subchapter specifies administrative

remedies that parallel those of the Office of Thrift Supervision ("OTS"), the Federal Deposit

Insurance Corporation, the Federal Reserve Board, and other bank regulatory agencies.  *Compare*

12 U.S.C. §§ 4631-4641 (OFHEO), *with* 12 U.S.C. § 1818(b)-(d), (h)-(i) (bank regulatory

agencies).  Administrative enforcement proceedings, authorized by 12 U.S.C. §§ 4631, *et seq*.,

may result in a cease and desist order, *id*. § 4631(c)(2), and in remedies including restitution,

disgorgement, and civil monetary penalties.  *Id*. §§ 4631(d), 4636.   When the Director

determines that an enterprise or one of its executive officers has engaged in or is about to engage

in specified misconduct, he may commence the first step of the administrative enforcement

proceeding by issuing a Notice of Charges (the agency's charging document).  *Id*. § 4631(a)-(b).[2]

The filing of a Notice of Charges under 12 U.S.C. § 4631 triggers a formal hearing before

an Administrative Law Judge (ALJ) who "shall have complete charge of the hearing."  12 C.F.R.

§ 1780.5.  The Safety and Soundness Act requires that an agency hearing be held under Chapter 5

of Title 5 of the Administrative Procedure Act (APA).  12 U.S.C. § 4633(a)(3).  Parties have the

opportunity for document discovery and other factual development,  12 C.F.R. §§ 1780.26,

1780.29, and the right to present witnesses and conduct cross examination.  *Id*. § 1780.50(a).  All

---

[2]  The Director's affirmative authority to correct conditions regarding an enterprise
encompasses authority to issue cease-and-desist orders requiring, among other things, that an
officer or director make restitution or reimburse the enterprise to the extent that individual was
unjustly enriched; that an officer or director be subjected to civil money penalties; or that the
enterprise take actions, as the Director determines are appropriate, to correct or remedy any
condition that has resulted in misconduct or a violation of the Act.  12 U.S.C. § 4631(d).  In
connection with violations of the Safety and Soundness Act, violations of OFHEO's orders under
the Act, or for conduct that causes or is likely to cause a loss for the enterprise, the Director is
authorized to impose civil money penalties on an enterprise, executive officer, or director.  *Id.*
§ 4636.

rulings on evidentiary objections must appear on the record, *id*. § 1780.51(d), and the presiding

officer must retain rejected exhibits as part of the record. *Id*. Upon completion of the hearing,

the ALJ issues a recommended decision and transmits the complete record to the Director. *Id*.

§ 1780.53(a). The Director's final decision must be "based upon review of the entire record of

the proceeding." *Id*. § 1780.55(c). This decision is effected through an order that the Director

may seek to enforce under 12 U.S.C. § 4635.

The Director also may issue temporary cease-and-desist orders if he determines that any

misconduct or violation of the Act is likely to result in the enterprise's insolvency, a material

depletion of core capital, or otherwise cause irreparable harm. 12 U.S.C. § 4632(a). The Act

provides that an enterprise, executive officer, or director that has been served with such an order

may apply to this Court within 10 days "for an injunction setting aside, limiting, or suspending

the enforcement, operation, or effectiveness of the order pending the completion of the

administrative proceedings" pursuant to a Notice of Charges issued under section 4631. *Id*. §

4632(d). "Such court shall have jurisdiction to issue such injunction." *Id.* The Director also

may request the Attorney General to bring an action in this Court to enforce a temporary cease-

and-desist order. *Id*. § 4632(e). The court is authorized, under this circumstance, to issue an

injunction if it finds a "violation, threatened violation, or failure to obey" such an order. *Id*.

With respect to the proceeding relating to cease-and-desist enforcement as well as the

imposition of civil money penalties, under 12 U.S.C. §§ 4631 and 4636, the Act provides for

judicial review in section 4634. The statute provides that any party to a proceeding under either

of these sections may obtain review of any final order by filing a petition in the District of

Columbia Court of Appeals, which court has exclusive jurisdiction. *Id.* §§ 4633(b)(2), 4634(a),

4634(c). The Court of Appeals may "affirm, modify, terminate, or set aside, in whole or in part,"

the final decision of the Director. *Id.* § 4634(c).

Finally, in connection with the enforcement of "any effective notice or order issued under

this subchapter or subchapter II of this chapter," the Director may request the Attorney General to

bring an action in this Court.  12 U.S.C. § 4635(a).  "Such court shall have jurisdiction and

power to order and require compliance  herewith." *Id*.  The Act then expressly limits the extent

of the district court's jurisdiction, stating:

> Except as otherwise provided in this subtitle and sections 4619
> [appointment of conservators] and 4623 [capital classification] of this title, no
> court shall have jurisdiction to affect, by injunction or otherwise, the issuance of
> any notice or order under section 4631 [cease-and-desist proceedings], 4632
> [temporary cease-and-desist orders] or 4636 [civil money penalties] of this title, or
> subchapter II of this chapter, or to review, modify, suspend, terminate, or set aside
> any such notice or order.

*Id.* § 4635(b).

## ARGUMENT

When section 4635 of the Act is read within the context of the provisions set forth in

subchapters II and III, it is clear that Mr. Howard's reading of the statute is unsustainable.  As set

forth above, Congress expressly authorized the Director to "make such determinations, take such

actions, and perform such functions," including enforcement actions, "relating to safety and

soundness." *See* 12 U.S.C. § 4513(b).  Notably, the Director is authorized to take appropriate

supervisory actions to carry out his responsibilities, including bringing formal enforcement

actions under Subchapter III of the Act. 12 U.S.C. §§ 4513(b)(5), 4631-4641.  Thus, Congress

authorized OFHEO to issue a Notice of Charges against any executive officer or director of an

enterprise for any conduct in violation of any provision of the Act. *See, e.g.*, 12 U.S.C. § 4631.

In fact, Congress framed OFHEO's enforcement powers, including the provisions

governing cease and desist orders, civil money penalties, subpoena powers and procedural

safeguards, with reference to the enforcement authority of the appropriate federal financial

regulatory agencies.  These powers originated in the Financial Institutions Supervisory Act of

1966, Pub. L. No. 89-695, tit. II, 80 Stat. 1028 (1966) (FISA), to serve as "intermediate powers

short of conservatorship . . . in order to prevent violations of law or regulations and unsafe and

unsound practices which otherwise might adversely affect the Nation's financial institutions,

with resulting harmful consequences to the growth and development of the Nation's economy."[3]

Congress intended to authorize the banking agencies to be able, in the context of administrative

proceedings, to act quickly to respond to violations of law or regulations, more quickly than

would be possible in a civil litigation setting. Within this context, Congress authorized the

banking agencies to seek district court enforcement of outstanding notices and orders, but sought

to ensure that the agencies' enforcement proceedings would not be derailed by judicial

interference. Thus, the governing provision in 12 U.S.C. § 1818(i) enacted in 1966 provides that

the appropriate Federal banking agency:

> may in its discretion apply to the United States district court, or the
> United States court of any territory, within the jurisdiction of
> which the home office of the bank is located, for the enforcement
> of any effective and outstanding notice or order issued under this
> section, and such courts shall have jurisdiction and power to order
> and require compliance herewith; but except as otherwise provided
> in this section no court shall have jurisdiction to affect by
> injunction or otherwise the issuance or enforcement of any notice
> or order under this section, or to review, modify, suspend,
> terminate, or set aside any such notice or order.[4]

By adopting this language, Congress evidenced its clear intent that a district court would have the

necessary authority to enforce any effective and outstanding agency notice or order

---

[3] *See* S. Rep. 89-1482, 89th Cong. 2nd Sess., 1966 (reprinted in 1966 U.S.C.C.A.N. 3532)(Senate Report).

[4] *See* Pub. L. No. 89-695, § 202 (reprinted in 1966 U.S.C.C.A.N. 1204, 1231-32) (codified at 12 U.S.C. 1818(i)). In 1978, section 1818(i), was re-designated, unchanged, to 1818(i)(1), with the addition of section (i)(2). *See* Pub. L. No. 95-630, § 107(e)(1) (1978) (codified at 12 U.S.C. 1818(i)(1)).

--should the agency apply for such relief--[5] but the Court would lack jurisdiction to review or otherwise affect the agency's notice or order and, likewise, the agency's administrative process.

OFHEO's statutory authorization is in lock-step with this long-standing statutory authority. Where, as here, OFHEO is undertaking an administrative enforcement proceeding, Congress intentionally limited the ability of a district court to affect the process leading to the issuance of an enforcement order.[6] Section 4635(a), like its corollary provision, 12 U.S.C. § 1818(i)(1), is an essential part of an exclusive statutory scheme devised by Congress to enable the financial industry regulators to move quickly to address issues arising out of their supervisory actions, while at the same time providing the institutions and their directors and executive officers appropriate due process in mandated agency hearings and judicial review in the Court of Appeals.

Given this context, Mr. Howard's arguments relating to the Court's authority under 12 U.S.C. § 4635, are wholly without merit. For example, Mr. Howard asserts that the term "notice" in section 4635(a) includes a Notice of Charges, such as the one issued with respect to Mr. Howard and two other former executive officers of Fannie Mae. The language of section 4635(a), however, refers to the enforcement of "any effective notice or order" issued under either subchapter III or subchapter II. As delineated above, the enforceable notices that the Director has the authority to issue arise under subchapter II, which relate to capitalization requirements and conservators for the regulated enterprises. *See* 12 U.S.C. § 4618(d) (notice of capital

---

[5] *See* Senate Report, 1966 U.S.C.C.A.N. at 3557 ("The appropriate Federal banking agency could apply to the proper United States district court for the enforcement of any effective and outstanding notice or order issued under section 8, and such courts would be given jurisdiction and power to enforce compliance therewith.")

[6] The provision also limits the ability of the courts to affect the issuance of notices such as those provided for in Subchapter II of the Safety and Soundness Act.

classification); *id*. § 4619(a)(3) (appointment of conservator).  Therefore, under the statute, it is these notices that are "effective" and essentially the same as "orders" under subchapter III.

Subchapter III includes authority to issue a Notice of Charges, but also to issue a final "order" relating thereto.  The Court does not "enforce" a Notice of Charges.  The Notice of Charges clearly is not "effective" or final.  At the conclusion of the administrative proceedings, a final decisional "order" (which may include civil money penalties, cease and desist remedies, and other relief) is required to trigger the Director's authority to petition the District Court under section 4635.  *See* 12 U.S.C. §§ 4631(c)(2); 4636(c)(3).  For this reason, Mr. Howard's conclusion that the government's interpretation of this provision "read[s] the term 'notice' out of §4635(a)," Reply Br. at 4, is clearly erroneous.

Further, Mr. Howard mistakenly claims that the term "enforcement," as used in section 4635(a), "means the process by which the Notice of Charges is litigated and adjudicated."  Reply Br. at 3.  It does not.  As delineated above, the Act provides for the Court's limited jurisdiction where "enforcement" of an effective notice or order may be required.  In this section, there is no basis to equate the term "enforcement" with the term "prosecution," as Mr. Howard contends. Reply Br. at 4.   The term should be read the same as the Court's authority to enforce effective order of other courts.  Indeed, under section 4635(b) of the Act, the Court clearly lacks the authority to interfere with the Director's determination about whether to proceed with as well as the subsequent conduct of administrative proceedings pursuant to a Notice of Charges issued under 12 U.S.C. § 4631.

As previously noted in the oppositions to both the Motion to Require and the Rule 19 Motion in the derivative litigation, the government's interpretation of section 4635 is entirely consistent with cases interpreting 12 U.S.C. § 1818(i), a provision that is virtually identical to section 4635(b) and which applies to bank regulatory agencies such as the Office of Thrift

Supervision (OTS), the Comptroller of the Currency, and the Federal Deposit Insurance

Corporation.  In addressing claims of district court jurisdiction under 12 U.S.C. § 1818(i), courts

have declined to interject themselves in ongoing administrative proceedings, finding that

Congress intended the regulatory agencies to initiate and pursue enforcement actions and to

fashion appropriate remedies without judicial interference.  *See, e.g.,* Board of Governors of

Federal Reserve System v. MCorp Financial, Inc., 502 U.S. 32, 39 (1991) ("plain, preclusive

language" of section 1818(i) prevented bankruptcy court from enjoining enforcement

proceedings); Carlton v. Firstcorp, Inc., 967 F.2d 942, 946 (4th Cir. 1992) (by setting up a

comprehensive scheme of oversight of financial institutions, from administrative control through

judicial review of an agency's decisions, Congress clearly intended to exclude other methods of

interfering with an agency action); Groos National Bank v. Comptroller of the Currency, 573

F.2d 889, 895 (5th Cir. 1978) (in rejecting bank's action for declaratory judgment brought to

block administrative Notice of Charges, court noted that 12 U.S.C. § 1818(i) demonstrated a

clear congressional intent that the "regulatory process is not to be disturbed by untimely judicial

intervention"); Resolution Trust Corp. v. Ryan, 801 F. Supp. 1545, 1550 (S.D. Miss. 1992)

(court may enjoin neither the commencement of enforcement proceedings by OTS nor ongoing

administrative proceedings).   Therefore, given the express limitation on the court's jurisdiction

over OFHEO's enforcement proceedings, Mr. Howard's position that the statute permits the

Court to assume control over such proceedings must be rejected.

Finally, the language of 12 U.S.C. § 4635(a) clearly provides that the Director of OFHEO

may request the Attorney General "to bring an action . . . for the enforcement of any effective

notice or order . . . ."  Mr. Howard, again ignoring the Act as a whole, reads into this language a

"forum choice" provided to the Director with regard to the enforcement proceedings.  Reply Br.

at 5.[7] Not only is there no support for this proposition in the language of this section, this interpretation of the Act is wholly inconsistent with Congress' intent to provide only the Director with broad enforcement authority. Indeed, many provisions of the Act confer such explicit authority solely upon the Director, with no mention of the Court. *See, e.g.,* 12 U.S.C. § 4631(c)(2) (after a hearing pursuant to a Notice of Charges, Director is charged with making findings on the record); *id.* (the Director is authorized to issue a cease and desist order); *id.* § 4633(b)(1) (Director shall render the final agency decision and issue an order or orders consistent therewith); *id.* § 4636(a) ("the Director may impose a civil money penalty in accordance with this section on any enterprise, ore any executive officer or director of any enterprise"). Ultimately, the Director could not enforce his final orders against an unwilling party and this provision allows him to go to Court for the limited purpose of doing so.

Carried to its logical conclusion, Mr. Howard's interpretation of the statute would lead to some bizarre consequences. For example, if the Court were to act in place of the ALJ to create a record of the enforcement proceedings, then, under the Act, the Court in essence would be acting in place of the ALJ because the Act authorizes only the Director to issue a final agency decision. In other words, even if section 4635(a) could be interpreted as Mr. Howard claims, when read together with other sections of the Act, the result would be an illogical one, in which the Director of OFHEO could overrule a decision of this Court. The statute clearly does not contemplate the

---

[7] Mr. Howard belatedly asserts that this Court has jurisdiction under the APA, 5 U.S.C. §§ 701, *et seq.*, to require the Director to proceed with the Notice of Charges in this Court because the "election" to proceed administratively is arbitrary and capricious. Reply Br. at 6 n.3. Assuming for the sake of argument that the Safety and Soundness Act provided the Director with a forum election, such an election would not satisfy the "final agency action" predicate for judicial review under the APA. 5 U.S.C. § 704. Further, such a determination would not, in any event, be reviewable by a Court given the statute's lack of judicially manageable standards by which to measure OFHEO's exercise of discretion. *See, e.g.,* Heckler v. Chaney, 470 U.S. 821, 830 (1985).

scenario presented by Mr. Howard, pursuant to which the Court essentially would assume

OFHEO's role in overseeing corporate governance of Fannie Mae.  Reply Br. at 10 n.8.  Thus,

his interpretation of 12 U.S.C. § 4635(a) should be rejected.

## CONCLUSION

For the foregoing reasons, the Motion to Require should be denied.

Submitted: March 13, 2007                    Respectfully submitted,

                                             PETER D. KEISLER
                                             Assistant Attorney General

                                             JEFFREY A. TAYLOR
                                             United States Attorney


                                             _____/s/_____
                                             ARTHUR R. GOLDBERG (D.C. Bar # 180661)
                                             CARLOTTA WELLS
                                             U.S. Department of Justice
                                             Federal Programs Branch
                                             20 Massachusetts Ave, N.W., Room 7150
                                             Washington, D.C. 20530
                                             (202) 514-4522