IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| J. TIMOTHY HOWARD,               )<br>                                                  )<br>            Plaintiff,                    )<br>                                                  )<br>       v.                                       )<br>                                                  )<br>JAMES B. LOCKHART, III,       )<br>DIRECTOR, OFFICE OF         )<br>FEDERAL HOUSING               )<br>ENTERPRISE OVERSIGHT,   )<br>                                                  )<br>            Defendant.                 )<br>                                                  ) | Case Number: 1:07-ms-00020<br><br>Hon. Richard J. Leon |

**OFHEO'S SUPPLEMENTAL MEMORANDUM
BASED ON RECENT ORDERS FROM THE UNITED STATES
COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA**

Pursuant to the Court's direction during oral argument on March 15, 2007, the Office of Federal Housing Enterprise Oversight ("OFHEO") hereby supplements its previous briefing in light of the two recent orders from the United States Court of Appeals for the District of Columbia. On April 27, 2007, the Court of Appeals denied the mandamus petitions of Franklin D. Raines and Leanne G. Spencer, two former executive officers of the Federal National Mortgage Association ("Fannie Mae"), who were attempting to disqualify the Director of OFHEO as the final decision maker in the pending administrative proceedings involving these former officers as well as J. Timothy Howard, the plaintiff in the instant action. The Court of Appeals' Orders simply denied the mandamus petitions because petitioners had not "shown a clear and indisputable right to the requested relief." *In re: Leanne G. Spencer*, No. 07-1024 (D.C. Cir. Apr. 27, 2007) (Exhibit 1); *In re: Franklin D. Raines*, No. 07-0100 (D.C. Cir. Apr. 27, 2007) (Exhibit 2).

Plaintiff Howard, who also is a former Fannie Mae officer, elected not to file a mandamus petition in the appellate court, but rather moved to require that this Court assume jurisdiction over the administrative proceedings relating to OFHEO's December 18, 2006 Notice of Charges, which seeks to determine, *inter alia*, whether plaintiff (as well as the other two former Fannie Mae officers) engaged in improper and unlawful conduct and should be required to pay restitution and civil monetary penalties, including disgorgement of more than $115 billion in bonuses.  The administrative proceeding is ongoing and is presided over by an independent Administrative Law Judge ("ALJ"), who is responsible for creating an administrative record that, after issuance of a final agency decision, is subject to review by the Court of Appeals for the District of Columbia Circuit.

In denying the mandamus petitions of Mr. Raines and Ms. Spencer, the Court of Appeals relied on *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271 (1988), and *Power v. Barnhart*, 292 F.3d 781 (D.C. Cir. 2002), which indicates that the appellate court determined that the petitioners had failed to establish the existence of exceptional circumstances warranting the extraordinary remedy of mandamus, *Gulfstream*, 485 U.S. at 289, and that another alternative, adequate remedy is available to the petitioners, *Power*, 292 F.3d at 784, 788.  Insofar as its reasoning may be discerned from the very brief orders it issued, these rulings are completely consistent with the arguments made by OFHEO in the instant action brought by Mr. Howard. His motion to require is based on a wholly erroneous and insupportable reading of the Federal Housing Enterprises Financial Safety and Soundness Act ("the Act"), Pub. L. No. 102-550, tit. XIII, 106 Stat. 3941 (1992) (codified at 12 U.S.C. § 4501, *et seq*.), which provides an adequate remedy in the exclusive three-step administrative enforcement process that Congress established

to address irregularities under the Act. After the development of an administrative record and issuance of a recommended decision by the ALJ, the Director of OFHEO is authorized to make a final agency decision and then judicial review of the agency's decision lies in the Court of Appeals for the District of Columbia, not in the district court.

By summarily denying the mandamus petitions of Ms. Spencer and Mr. Raines, the Court of Appeals sent a clear signal of its intent that the administrative enforcement proceeding should run its course. As provided in the Act, upon the conclusion of the administrative hearing process, the presiding ALJ will make a recommendation, after which the Director of OFHEO will issue a final agency decision. That final decision, in turn, can be reviewed by the Court of Appeals. The statute does not contemplate a substantive role for the district court in connection with the administrative enforcement proceedings. Because the Court of Appeals' April 27 Orders deny the mandamus petitions without discussion or analysis, it is manifestly evident that the appellate court intends that any challenges to OFHEO's enforcement proceedings will be heard, if at all, only after the conclusion of the administrative process.

## CONCLUSION

For the foregoing reasons, as well as for the reasons set forth in OFHEO's previous filings herein, plaintiff's motion to require should be denied.

Submitted: May 10, 2007                    Respectfully submitted,

                                        PETER D. KEISLER
                                      Assistant Attorney General

                                        JEFFREY A. TAYLOR
                                      United States Attorney

                                    /s/
                          ————————————————
ARTHUR R. GOLDBERG (D.C. Bar # 80661)
CARLOTTA WELLS
U.S. Department of Justice
Federal Programs Branch
20 Massachusetts Ave, N.W., Room 7150
Washington, D.C. 20530
(202) 514-4522

**OFHEO'S SUPPLEMENTAL MEMORANDUM**

**EXHIBIT 1**

# United States Court of Appeals
FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 07-1024**                                    **September Term, 2006**

**Filed On: April 27, 2007** [1037122]

In re: Leanne G. Spencer,
      Petitioner

**BEFORE:**    Sentelle, Rogers, and Tatel, Circuit Judges

## O R D E R

Upon consideration of the petition for a writ of mandamus, the opposition thereto, the reply, and the motion for leave to file supplemental briefs, it is

**ORDERED** that the motion for leave to file supplemental briefs be denied. It is

**FURTHER ORDERED** that the petition for a writ of mandamus be denied. Petitioner has not shown a clear and indisputable right to the requested relief. See, e.g., Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 289 (1988); Power v. Barnhart, 292 F.3d 781, 784, 788 (D.C. Cir. 2002).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.

**Per Curiam**

                                                **FOR THE COURT:**
                                                Mark J. Langer, Clerk

BY:

                                                Deputy Clerk/LD

**OFHEO'S SUPPLEMENTAL MEMORANDUM**

**EXHIBIT 2**

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 07-1011**  **September Term, 2006**

**Filed On: April 27, 2007** [1037128]

In re: Franklin D. Raines,
  Petitioner

**BEFORE:**   Sentelle, Rogers, and Tatel, Circuit Judges

## ORDER

Upon consideration of the petition for a writ of mandamus, the opposition thereto, the reply, and the motion for leave to file supplemental briefs, it is

**ORDERED** that the motion for leave to file supplemental briefs be denied. It is

**FURTHER ORDERED** that the petition for a writ of mandamus be denied. Petitioner has not shown a clear and indisputable right to the requested relief. See, e.g., Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 289 (1988); Power v. Barnhart, 292 F.3d 781, 784, 788 (D.C. Cir. 2002).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.

**Per Curiam**

FOR THE COURT:
Mark J. Langer, Clerk

BY:

Deputy Clerk/LD