IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| J. TIMOTHY HOWARD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JAMES B. LOCKHART, III, )<br>DIRECTOR, OFFICE OF )<br>FEDERAL HOUSING )<br>ENTERPRISE OVERSIGHT, )<br>)<br>Defendant. )<br>) | Case Number: 1:07-ms-00020<br><br>Hon. Richard J. Leon |

**OFHEO'S MOTION TO STRIKE, IN PART,
MR. HOWARD'S SUPPLEMENTAL MEMORANDUM**

  Defendant, the Office of Federal Housing Enterprise Oversight (OFHEO), hereby moves to strike part of plaintiff's supplemental memorandum in support of his motion to require the Director of OFHEO to pursue his Notice of Charges against Mr. Howard in this Court. The reasons supporting this motion are set forth in the accompanying Memorandum of Points and Authorities.

Submitted: May 17, 2007   Respectfully submitted,

              PETER D. KEISLER
              Assistant Attorney General

              JEFFREY A. TAYLOR
              United States Attorney

>                    /s/
> ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
> ARTHUR R. GOLDBERG (D.C. Bar # 180661)
> CARLOTTA WELLS
> U.S. Department of Justice
> Federal Programs Branch
> 20 Massachusetts Ave, N.W., Room 7150
> Washington, D.C. 20530
> (202) 514-4522

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| J. TIMOTHY HOWARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case Number: 1:07-ms-00020 |
| | ) | |
| JAMES B. LOCKHART, III, | ) | Hon. Richard J. Leon |
| DIRECTOR, OFFICE OF | ) | |
| FEDERAL HOUSING | ) | |
| ENTERPRISE OVERSIGHT, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF OFHEO'S MOTION TO STRIKE, IN
PART, MR. HOWARD'S SUPPLEMENTAL MEMORANDUM**

The Office of Federal Housing Enterprise Oversight ("OFHEO") respectfully moves the Court to strike Parts B and C of J. Timothy Howard's Supplemental Memorandum in Support of Motion to Require the Director of OFHEO to Pursue His Notice of Charges Against Mr. Howard in this Court because that memorandum exceeds the scope of supplemental briefing permitted by this Court.

At the time of oral argument relating to Mr. Howard's motion on March 15, 2007, the Court of Appeals had not yet ruled on the mandamus petitions filed by Franklin D. Raines and Leanne G. Spencer, two former executive officers of the Federal National Mortgage Association ("Fannie Mae"), who were attempting to disqualify the Director of OFHEO as the final decision maker in the pending administrative proceedings involving those former officers as well as J. Timothy Howard, the plaintiff in the instant action. Upon the conclusion of oral argument at the March 15 hearing, the Court took its ruling on Mr. Howard's motions under advisement, pending a decision from the Court of

Appeals on the mandamus petitions. The Court gave the parties permission to file additional papers in this matter expressly limited to a response to the ruling by the Court of Appeals "in terms of how [each party] view[s the ruling] . . . to affect . . . remedies or positions that [the parties] have been advocating today." Transcript of March 15, 2007 Hearing at 61.

Notwithstanding the limited scope of the briefs to be filed in response to the Court of Appeals' rulings on the mandamus petitions, Mr. Howard has taken unwarranted advantage of this opportunity, and has filed a supplemental memorandum which introduces both new facts and new arguments. Because Mr. Howard has blatantly exceeded the Court's guidelines for filing this supplemental memorandum by discussing issues that go well beyond the effect of the Court of Appeals' rulings, those portions of plaintiff's supplemental memorandum should be stricken.[1]

**DISCUSSION**

Mr. Howard's supplemental memorandum raises new facts and arguments that had never been raised before, either in his written filings or at oral argument. In Part B, Mr. Howard uses the Director's April 5, 2007 decision not to recuse himself as the final decision maker in the administrative process as well as entry of a protective order by the presiding Administrative Law Judge to re-argue his claims of bias. In Part C, Mr. Howard sets forth a wholly new argument, contending for the first time that application of the Federal Housing Enterprises Financial Safety and Soundness Act ("the Act"), Pub.

---

[1] Specifically, OFHEO moves to strike Parts B (relating to recent developments in the ongoing administrative proceeding) and C (raising a wholly new "constitutional avoidance" argument) of Mr. Howard's supplemental memorandum.

L. No. 102-550, tit. XIII, 106 Stat. 3941 (1992) (codified at 12 U.S.C. § 4501, *et seq*.) would violate his due process rights because the Act authorizes the Director both to issue a Notice of Charges if he determines that a former officer has engaged in unlawful conduct as well as to render a final agency decision after an administrative hearing relating to the Notice of Charges.[2]  By inserting these additional issues in his supplemental memorandum, Mr. Howard has indisputably violated the Court's directive that the parties limit their post-appellate decision filings to a discussion of the effect of the Court of Appeals' decisions on the mandamus petitions of Mr. Raines and Ms. Spencer.

      The primary focus of those mandamus petitions was their claim that the Director of OFHEO was biased and, thus, unable to render an impartial final agency decision upon conclusion of the administrative hearing process.  The Court of Appeals summarily denied the mandamus petitions because petitioners had not "shown a clear and indisputable right to the requested relief." *In re: Leanne G. Spencer*, No. 07-1024 (D.C. Cir. Apr. 27, 2007); *In re: Franklin D. Raines*, No. 07-0100 (D.C. Cir. Apr. 27, 2007). The Court of Appeals simply cited two cases, *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271 (1988), and *Power v. Barnhart*, 292 F.3d 781 (D.C. Cir. 2002), which indicates that the appellate court determined that the petitioners had failed to establish the existence of exceptional circumstances warranting the extraordinary remedy of mandamus, *Gulfstream*, 485 U.S. at 289,  and that another alternative, adequate remedy is available to the petitioners, *Power*, 292 F.3d at 784, 788.

---

[2]  At bottom, Mr. Howard's "constitutional avoidance" claim is a variation on his claim that the Director is biased.

As OFHEO noted in its supplemental memorandum, the Court of Appeals' rulings on the mandamus petitions sends an unmistakable signal that the administrative enforcement proceeding should run its course. Although he may be dissatisfied with the outcome, the Court of Appeals' rulings provide Mr. Howard with no basis for exceeding this Court's directive and to make the new arguments in Parts B and C of his supplemental memorandum.[3]

## CONCLUSION

For the foregoing reasons, OFHEO's motion to strike, in part, Mr. Howard's supplemental memorandum should be granted.

Submitted: May 17, 2007              Respectfully submitted,

                                        PETER D. KEISLER
                                      Assistant Attorney General

                                      JEFFREY A. TAYLOR
                                      United States Attorney

                                           /s/
                                      ARTHUR R. GOLDBERG (D.C. Bar # 180661)
                                      CARLOTTA WELLS
                                      U.S. Department of Justice
                                      Federal Programs Branch
                                      20 Massachusetts Ave, N.W., Room 7150
                                      Washington, D.C. 20530
                                      (202) 514-4522

---

[3] Because OFHEO moves to strike the new arguments raised in Mr. Howard's supplemental memorandum, it has not included any discussion rebutting those arguments. The arguments, however, lack any merit. To the extent the Court determines to entertain these new claims, OFHEO hereby requests ten days to submit a brief in response.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| J. TIMOTHY HOWARD, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JAMES B. LOCKHART, III, ) <br> DIRECTOR, OFFICE OF ) <br> FEDERAL HOUSING ) <br> ENTERPRISE OVERSIGHT, ) <br> ) <br> Defendant. ) <br> ) | Case Number: 1:07-ms-00020 <br><br> Hon. Richard J. Leon |

**PROPOSED ORDER**

Upon consideration of defendant's Motion to Strike, in Part, Mr. Howard's Supplemental Memorandum, it is hereby

ORDERED that Parts B and C of Mr. Howard's Supplemental Memorandum be struck from the record.

_____        _____
Date                                               RICHARD J. LEON
                                                         U.S. DISTRICT JUDGE