UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
**J. TIMOTHY HOWARD**,              )
                                    )
      **Plaintiff**,          )
                                    )
      v.                      )   Case No. 1:07-ms-0020 (RJL)
                                    )
**JAMES B. LOCKHART III**,          )
                                    )
      **Defendant.**          )
_____)

## J. TIMOTHY HOWARD'S MOTION
## FOR CERTIFICATION PURSUANT TO 28 U.S.C. § 1292(b)

J. Timothy Howard, by counsel, hereby moves, pursuant to 28 U.S.C. 1292(b), for certification of the Court's June 13, 2007 Order for interlocutory appeal. As set forth in the accompanying memorandum of law, the June 13 Order, in which the Court denied Mr. Howard's motion to require the Director of OFHEO to pursue his Notice of Charges against Mr. Howard in this Court, involves controlling questions of law as to which there are substantial grounds for difference of opinion, and an immediate appeal may materially advance the ultimate termination of the pending enforcement proceedings brought by OFHEO against Mr. Howard.

On this day, undersigned counsel for Mr. Howard left a voicemail message for Carlotta Wells, counsel for OFHEO, regarding this motion. (The message was left late in the day and in all likelihood did not provide counsel for OFHEO an opportunity to consider the issues raised herein.) We believe that OFHEO will oppose the relief sought by this motion.

A proposed Order is attached.

- 2 -

Dated:  June 27, 2007	Respectfully submitted,

/s/ Steven M. Salky
Steven M. Salky (D.C. Bar No. 360175)
Eric Delinsky (D.C. Bar No. 460958)
Miles Clark (D.C. Bar No. 489388)
ZUCKERMAN SPAEDER LLP
1800 M Street, N.W.
Washington, D.C. 20036
202-778-1800 (telephone)
202-822-8106 (facsimile)

*Counsel for J. Timothy Howard*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| J. TIMOTHY HOWARD, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:07-ms-0020 (RJL) |
| JAMES B. LOCKHART III, | ) |
| Defendant. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF J. TIMOTHY HOWARD'S
MOTION FOR CERTIFICATION PURSUANT TO 28 U.S.C. § 1292(b)**

On June 13, 2007, this Court entered a Minute Order (the "June 13 Order") denying Mr. Howard's motion to require the Director of OFHEO to pursue his Notice of Charges against Mr. Howard in this Court. We believe the June 13 Order, which disposed of the above-captioned proceeding in its entirety, is immediately appealable under 28 U.S.C. § 1291.[1] Nevertheless, out of an abundance of caution to ensure that Mr. Howard properly invokes the jurisdiction of the Court of Appeals in this unique matter, Mr. Howard respectfully seeks certification of the June 13 Order pursuant to 12 U.S.C. § 1292(b).

The June 13 Order meets the standards for certification under § 1292(b). It involves controlling issues of law as to which there are substantial grounds for difference of opinion, and

---

[1] Under 28 U.S.C. § 1291, the D.C. Circuit has jurisdiction to review "all final decisions" of the district courts within this Circuit. A district court's decision is "final" when it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Banks v. Office of Senate Sergeant-At-Arms and Doorkeeper of U.S. Senate*, 471 F.3d 1341, 1345 (D.C. Cir. 2006). Because the Court's June 13 Order effectively terminated the proceedings in this Court, the D.C. Circuit has jurisdiction to review the decision under § 1291. *See Nat'l Life Ins. Co. v. Hartford Accident and Indem. Co.*, 615 F.2d 595 (3d Cir. 1980) (holding 28 U.S.C. § 1291 applicable to district court's order that was "final as to the only issue before it" and "not merely a provisional disposition of the issue"). For example, a district court order denying discovery arising out of litigation pending in another jurisdiction is "an appealable final judgment." *Northrop Corp. v. McDonnell Douglas Corp.*, 751 F.2d 395, 399 n.5 (D.C. Cir. 1984); *see also*, *e.g.*, *Ariel v. Jones*, 693 F.2d 1058, 1059 (11th Cir. 1982) (citing cases).

an immediate appeal from the Order may materially advance the ultimate termination of the pending enforcement proceedings brought by OFHEO against Mr. Howard.  This Court already has recognized that the issues raised by Mr. Howard's motion are "novel," "complex[]" and "consequential."  Mot. Hr'g Tr. 35:15, 16, Feb. 16, 2007;  Mot. Hr'g Tr. 60:13, Mar. 15, 2007.  Appellate review of these issues now, rather than at the end of administrative proceedings that remain in their infancy, will also serve the interests of efficiency and judicial economy.  Indeed, resolution by the D.C. Circuit of questions regarding both the Director's authority and the jurisdiction of the United States District Court for the District of Columbia under 12 U.S.C. § 4635(a) will impact not only the future course of litigation between OFHEO and Mr. Howard, but all future enforcement actions that OFHEO might initiate.

## ARGUMENT

A district court may certify an order for appeal if (1) the "order involves a controlling question of law"; (2) there exists a "substantial ground for difference of opinion" concerning the ruling; and (3) an "immediate appeal from the order may materially advance the ultimate termination of the litigation."  12 U.S.C. § 1292(b); *Walsh v. Ford Motor Co.*, 807 F.2d 1000, 1002 n.2 (D.C. Cir. 1986); *APCC Servs., Inc. v. AT&T Corp.*, 297 F. Supp. 2d 101, 104 (D.D.C. 2003).  All three criteria are met here.[2]

---

[2] After a district court certifies an order, and a party applies for an appeal, the Court of Appeals has "discretion" to accept or reject the appeal.  12 U.S.C. § 1292.  Upon accepting an appeal, the Court of Appeals likewise has discretion to "address any issue fairly included within the certified order."  *Beaty v. Republic of Iraq*, No. 03-0215 (JDB), 2007 WL 1169333, *2 (D.D.C. Apr. 19, 2007).

### A.     The June 13 Order Involves Controlling Issues of Law.

Under § 1292(b), a "controlling question of law is one that would require reversal if decided incorrectly or that could materially affect the course of litigation with resulting savings of the court's or the parties' resources." *APPC*, 297 F. Supp. 2d at 105; *see also Judicial Watch, Inc. v. Nat'l Energy Policy Dev. Group*, 233 F. Supp. 2d 16, 19 (D.D.C. 2002) (question of law can be controlling if it determines the outcome "or even the future course of litigation") (quoting *Johnson v. Burken*, 930 F.2d 1202, 1206 (7th Cir. 1991)). In addition, the potential impact that an appeal will have on other cases is a factor that courts consider in determining whether a question is controlling. *See Greentech, Inc. v. Novo Nordisk A/S*, 907 F. Supp. 97, 99 (S.D.N.Y. 1995) (question of law controlling if it will affect a large number of cases). Courts consistently hold that jurisdictional issues are controlling questions of law. *See Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir. 1990).

There can be no dispute that the jurisdictional issues regarding (1) the authority of the Director of OFHEO to pursue his Notice of Charges against Mr. Howard in this forum, and (2) the authority of this Court to require the Director to pursue his Notice of Charges against Mr. Howard, if at all, in this forum rather administratively are controlling questions of law. First, the future course of the litigation over the Director's claims against Mr. Howard is materially affected by the forum in which they will be litigated and the procedural rules that will apply. *See In re Vitamins Antitrust Litig.*, No. 99-197 (TFH), 2000 WL 33142129, *2 (D.D.C. Nov. 22, 2000) ("The parties cannot seriously dispute that the issue of whether jurisdictional discovery should proceed under the Hague Convention or the Federal Rules is a controlling issue of law in this case."). Second, because a contrary decision by the D.C. Circuit on appeal <u>after</u> the conclusion of lengthy administrative proceedings may well require the Director to retry his

- 3 -

charges against Mr. Howard in federal court, immediate review could result in substantial savings of the parties' time and resources. *See APPC*, 297 F. Supp. 2d at 105. And finally, the precedential value of an appeal cannot be overstated. A definitive resolution of these issues by the D.C. Circuit will impact all future enforcement actions brought by OFHEO.

### B. There Are Substantial Grounds for Difference of Opinion.

A substantial ground for difference of opinion can be established not only by the existence of conflicting judicial decisions but also "by a dearth of precedent within the controlling jurisdiction." *APCC*, 297 F. Supp. 2d at 107. Here, the Court's June 13 Order is the only decision by any court in any jurisdiction addressing the issues raised by Mr. Howard. This is not surprising, as this is a matter of first impression. *See Am. Mgmt. Sys., Inc. v. United States*, 57 Fed. Cl. 275, 277 (2003) (substantial ground for difference of opinion found where "issue is one of first impression" and "a closely analogous body of case law does not exist"). Moreover, the Court recognized that a plain reading of the statutory language in question supports Mr. Howard's position. *See* Mot. Hr'g Tr. 27:14-21, Feb. 16, 2007 ("[W]hen they designed the statute . . . Congress clearly at least anticipated the possibility that there might be a situation . . . to have the enforcement action in this Court."). Given this, a finding of substantial grounds for difference of opinion is warranted.[3]

---

[3] This conclusion is further supported by the nature of the issues raised by Mr. Howard in his motion and by the particular circumstances of the pending controversy between OFHEO and Mr. Howard. "Where 'proceedings that threaten to endure for several years depend on an initial question of jurisdiction . . . or the like,' certification may be justified even if there is a relatively low level of uncertainty." *APCC*, 297 F. Supp. 2d at 107 (quoting 16 Charles Alan Wright, et al., *Federal Practice & Procedure* § 3930 at 422 (1996)); *see also Atl. City Elec. Co. v. Gen Elec. Co.*, 207 F. Supp. 613, 620 (S.D.N.Y. 1962) (when there are "strong reasons" for having an issue "conclusively" and "expeditiously" determined, a "narrow approach is not justified" in determining whether there is a substantial ground for difference of opinion). Suffice it to say, the administrative proceedings against Mr. Howard will not be completed in the near future. By way of comparison, the evidentiary hearing relating to the notice of charges the Director of OFHEO issued in 2003 against former Freddie Mac executives has not yet commenced.

### C.  An Immediate Appeal May Materially Advance the Ultimate Termination of the Litigation Between OFHEO and Mr. Howard.

As noted above, a contrary decision by the D.C. Circuit on appeal <u>after</u> the conclusion of lengthy administrative proceedings may require the Director to retry his claims against Mr. Howard in federal court.  An immediate appeal would ensure that the Director proceeds initially in the correct forum, thereby "spar[ing] the parties from possibly needless expense if it should out that this Court's rulings are reversed." *APCC*, 297 F. Supp. 2d at 109.   Simply put, "it would be far better for all concerned, including [OFHEO], to have these matters resolved now, as opposed to sometime in the distant future."  *Id.*[4]

### CONCLUSION

For the foregoing reasons, the Court should certify the June 13 Order for appeal pursuant to 28 U.S.C. § 1292(b).

Dated:  June 27, 2007                             Respectfully submitted,

/s/ Steven M. Salky
Steven M. Salky (D.C. Bar No. 360175)
Eric Delinsky (D.C. Bar No. 460958)
Miles Clark (D.C. Bar No. 489388)
ZUCKERMAN SPAEDER LLP
1800 M Street, N.W.
Washington, D.C. 20036
202-778-1800 (telephone)
202-822-8106 (facsimile)

*Counsel for J. Timothy Howard*

---

[4] In determining whether an immediate appeal may advance the disposition of litigation, district courts within this Circuit also look to whether definitive resolution of the question at issue would assist other courts in resolving similar disputes.  *See In re Vitamins*, 2000 WL 33142129, at *2.  As noted above, resolution of these issues by the D.C. Circuit will impact <u>all</u> future enforcement actions brought by OFHEO.

**CERTIFICATE OF SERVICE**

I certify that on this 27th day of June 2007, I filed the foregoing with the Clerk of Court via the CM/ECF system, which will send notification of such filing to the counsel of record in this matter who are registered on the CM/ECF system.

                                         /s/ Miles Clark_____
                                         Miles Clark

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| J. TIMOTHY HOWARD, | ) |
|       Plaintiff, | ) |
|       v. | ) Case No. 1:07-ms-0020 (RJL) |
| JAMES B. LOCKHART III, | ) |
|       Defendant. | ) |

## ORDER

Upon consideration of J. Timothy Howard's motion for certification pursuant to 28 U.S.C. § 1292(b), OFHEO's response thereto, and the entire record herein, it is this _____ day of June 2007, hereby

ORDERED that Mr. Howard's motion is GRANTED;

ORDERED that the Court finds that its June 13, 2007 Order denying Mr. Howard's motion to require the Director of OFHEO to pursue his Notice of Charges against Mr. Howard in this Court involves the following controlling questions of law as to which there is substantial ground for difference of opinion:

(1) Whether 12 U.S.C. § 4635(a) authorizes the Director of OFHEO, through, or with the assistance of the Attorney General, to bring an action in the United States District Court for the District of Columbia for the enforcement of a notice of charges issued under subchapter III of the Federal Housing Enterprises Financial Safety and Soundness Act of 1992, 12 U.S.C. § 4501, *et seq.*;

(2) Whether 12 U.S.C. § 4635(a) grants the United States District Court for the District of Columbia the authority to order the Director of OFHEO, through, or with the assistance of the Attorney General, to bring an action in the United States District Court for the District of Columbia, rather than in an administrative forum, for the enforcement of a notice of charges issued under subchapter III of the Federal Housing Enterprises Financial Safety and Soundness Act of 1992, 12 U.S.C. § 4501, *et seq.*; and

2

(3)  Whether the Court erred in not ordering the Director of OFHEO to pursue his notice of charges against J. Timothy Howard, if at all, in the United States District Court for the District of Columbia rather than in an administrative forum;

ORDERED that the Court finds that an immediate appeal of the June 13, 2007 Order may materially advance the ultimate termination of litigation between OFHEO and Mr. Howard;

ORDERED that the June 13, 2007 Order is CERTIFIED for interlocutory appeal pursuant to 28 U.S.C. § 1292(b); and

ORDERED that the June 13, 2007 Order shall be deemed amended to include and reflect the findings in this Order.

_____
The Honorable Richard J. Leon
United States District Court Judge

cc:    Counsel of Record