IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| J. TIMOTHY HOWARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case Number: 1:07-ms-00020 |
| ) | |
| JAMES B. LOCKHART, III, ) | Hon. Richard J. Leon |
| DIRECTOR, OFFICE OF ) | |
| FEDERAL HOUSING ) | |
| ENTERPRISE OVERSIGHT, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**OFHEO'S RESPONSE TO J. TIMOTHY HOWARD'S
MOTION FOR CERTIFICATION PURSUANT TO 28 U.S.C. § 1292(b)**

Plaintiff, J. Timothy Howard, has filed a motion seeking certification of the Court's June 13, 2007 Order pursuant to 28 U.S.C. § 1292(b). The June 13 Order denied plaintiff's motion to require the defendant, the Office of Federal Housing Enterprise Oversight (OFHEO), to pursue a Notice of Charges in district court. As plaintiff notes in the memorandum in support of his motion for Rule 1292(b) certification at n.1, the June 13 Order ended the litigation herein on the merits and, thus, "effectively terminated the proceedings in this Court." Inasmuch as the June 13 Order resolved the only dispositive issue in this Miscellaneous Action, certification under 28 U.S.C. § 1292(b) is not warranted.

In determining whether an appeal should be certified under 28 U.S.C. § 1292(b), courts consider whether (1) the order to be appealed from involves a controlling issue of law; (2) the order provides a substantial basis for a difference of opinion; and (3) an immediate appeal would materially advance an ultimate conclusion to the litigation. 28 U.S.C. § 1292(b); *Walsh v. Ford Motor Co.*, 807 F.2d 1000, 1002 n.2 (D.C. Cir. 1986). Giving particular consideration to the

third prong of the analysis, it is clear that an interlocutory appeal is not appropriate here.

The sole issue presented in this Miscellaneous Action was whether the District Court could exercise jurisdiction under the Federal Housing Enterprises Financial Safety and Soundness Act ("the Act"), Pub. L. No. 102-550, tit. XIII, 106 Stat. 3941 (1992) (codified at 12 U.S.C. § 4501, et seq.), in order to substitute itself for OFHEO, over that agency's objection, in conducting the exclusive three-step administrative enforcement process Congress established to address irregularities under the Act. Contrary to plaintiff's characterizations, this issue is wholly distinct from those raised in the ongoing administrative proceedings, which focus on whether plaintiff (as well as two other former Fannie Mae officers) engaged in improper and unlawful conduct and whether plaintiff should be required to pay restitution and civil monetary penalties, including disgorgement of more than $115 million in bonuses. The June 13 denial of the motion to require resolved all of the issues pending between the parties within the context of this litigation and is unrelated to the conduct of the administrative proceedings. There is no need for an interlocutory appeal to "advance the ultimate termination" of this Miscellaneous Action because the action pending before this Court already has been concluded. Thus, 28 U.S.C. § 1292(b) does not apply.[1]

---

[1] Defendant also disputes plaintiff's position that there are substantial grounds for a difference of opinion regarding the extent to which the Court has jurisdiction to require the Director of OFHEO to suspend the ongoing administrative proceedings and pursue the Notice of Charges in the district court. There is no support in statutory, regulatory, or case law for plaintiff's interpretation of the Act.

| | |
|---|---|
| Dated: July 11, 2007 | Respectfully submitted, |
| | PETER D. KEISLER<br>Assistant Attorney General |
| | JEFFREY A. TAYLOR<br>United States Attorney |
| | _____/s/_____<br>ARTHUR R. GOLDBERG (D.C. Bar # 180661)<br>CARLOTTA WELLS<br>U.S. Department of Justice<br>Federal Programs Branch<br>20 Massachusetts Ave, N.W., Room 7150<br>Washington, D.C. 20530<br>(202) 514-4522 |